**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of **Delaware**
                              (State)

Case number (*If known*): _____ Chapter __11__

☐ Check if this is an amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy  04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | Chaparral Energy, Inc. |

2. **All other names debtor used in the last 8 years**

   Include any assumed names, trade names, and *doing business as* names

   N/A

3. **Debtor's federal Employer Identification Number (EIN)**

   7 3 – 1 5 9 0 9 4 1

4. **Debtor's address**

   **Principal place of business**

   701    Cedar Lake Blvd.
   Number    Street

   Oklahoma City    OK    73114
   City    State    ZIP Code

   Oklahoma
   County

   **Mailing address, if different from principal place of business**

   _____    _____
   Number    Street

   P.O. Box _____

   _____    _____    _____
   City    State    ZIP Code

   **Location of principal assets, if different from principal place of business**

   _____    _____
   Number    Street

   _____    _____    _____
   City    State    ZIP Code

5. **Debtor's website (URL)**    http://www.chaparralenergy.com/

Debtor    Chaparral Energy, Inc.
_____    Case number (*if known*)_____
          Name

**6. Type of debtor**

☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding  LLP)

☐ Other. Specify: _____

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

2    1    1    1

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

☑ Chapter 11. *Check **all** that apply:*

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☑ A plan is being filed with this petition.

☑ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☑ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

Debtor    Chaparral Energy, Inc.
_____     Case number (if known) _____
          Name

**9.** **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☐ No

☑ Yes.   District   Delaware _____   When   05/09/2016   Case number   16-11144
                                                MM / DD / YYYY

         District _____   When _____   Case number _____
                                      MM / DD / YYYY

**10.** **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☑ Yes.   Debtor   See Attached Schedule 1 _____   Relationship   Affiliate _____

         District   Delaware _____   When   Date Hereof _____
                                                           MM  /  DD  / YYYY

         Case number, if known _____

**11.** **Why is the case filed in *this district*?**

*Check all that apply:*

☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12.** **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                            Number        Street

                            _____

                            _____
                            City                              State ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

         Contact name _____

         Phone _____

---

**Statistical and administrative information**

Debtor  Chaparral Energy, Inc.
_____
Name

Case number (if known)_____

---

**13. Debtor's estimation of available funds**

*Check one:*

☑ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14. Estimated number of creditors**

\* Consolidated for all Debtors

☐ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☑ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

---

**15. Estimated assets**

\* Consolidated for all Debtors

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☑ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

---

**16. Estimated liabilities**

\* Consolidated for all Debtors

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☑ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

---

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   08/16/2020
_____
MM  / DD / YYYY

✘ /s/ Charles Duginski
_____
Signature of authorized representative of debtor

Title  Chief Executive Officer
_____

Charles Duginski
_____
Printed name

---

Debtor   Chaparral Energy, Inc.
         Name

Case number (if known)

18. **Signature of attorney**   ✖ /s/ Amanda R. Steele

Signature of attorney for debtor

Date   08/16/2020

MM  / DD  / YYYY

Amanda R. Steele
Printed name

Richards, Layton & Finger, P.A.
Firm name

920          North King Street
Number          Street

Wilmington                                    DE          19801
City                                          State       ZIP Code

(302) 651-7700                               steele@rlf.com
Contact phone                                 Email address

5530                                          DE
Bar number                                    State

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CHAPARRAL ENERGY, INC., *et al.*,[1] | ) Case No. 20-_____ (___) |
| | ) |
| Debtors. | ) (Joint Administration Requested) |
| | ) |

# Attachment to Voluntary Petition for Non-Individuals
# Filing for Bankruptcy under Chapter 11

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is  001-38602

2. The following financial data is the latest available information and refers to the debtor's condition on  June 30, 2020 .

    a. Total assets                                        $595,167,000

    b. Total debts (including debts listed in 2.c., below)       $522,288,000

    c. Debt securities held by more than 500 holders

                                                                                 Approximate number of holders:

secured ☐   unsecured ☐   subordinated ☐   $ _____    _____
secured ☐   unsecured ☐   subordinated ☐   $ _____    _____
secured ☐   unsecured ☐   subordinated ☐   $ _____    _____
secured ☐   unsecured ☐   subordinated ☐   $ _____    _____
secured ☐   unsecured ☐   subordinated ☐   $ _____    _____

    d. Number of shares of preferred stock                    _____
    e. Number of shares common stock                    47,790,146

    Comments, if any:   Shares of Class A Common Stock are reported as of June 30, 2020.

3. Brief description of debtor's business:   An independent oil and natural gas exploration and production company.

4. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:
  Strategic Value Partners, LLC, Contrarian Capital Management, LLC, Lord, Abbett & Co. LLC and Paloma Partners Management Co.

## SCHEDULE 1

On the date hereof, each of the affiliated entities listed below, including the debtor in this chapter 11 case (collectively, the "**Debtors**") filed a petition with this Court for relief under chapter 11 of the Bankruptcy Code. Contemporaneously with the filing of their petitions, the Debtors filed a motion requesting that the chapter 11 cases of the entities listed below be consolidated for procedural purposes only and jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

| Company | Date Filed | District |
|---|---|---|
| Chaparral Energy, Inc. | August 16, 2020 | Delaware |
| CEI Acquisition, L.L.C. | August 16, 2020 | Delaware |
| CEI Pipeline, L.L.C. | August 16, 2020 | Delaware |
| Chaparral Biofuels, L.L.C. | August 16, 2020 | Delaware |
| Chaparral CO2, L.L.C. | August 16, 2020 | Delaware |
| Chaparral Energy, L.L.C. | August 16, 2020 | Delaware |
| Chaparral Exploration, L.L.C. | August 16, 2020 | Delaware |
| Chaparral Real Estate, L.L.C. | August 16, 2020 | Delaware |
| Chaparral Resources, L.L.C. | August 16, 2020 | Delaware |
| Charles Energy, L.L.C. | August 16, 2020 | Delaware |
| Chestnut Energy, L.L.C. | August 16, 2020 | Delaware |
| Green Country Supply, Inc. | August 16, 2020 | Delaware |
| Roadrunner Drilling, L.L.C. | August 16, 2020 | Delaware |
| Trabajo Energy, L.L.C. | August 16, 2020 | Delaware |

### Prior Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtors

On May 9, 2016, the entities listed below filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware. The case is pending before the Honorable Laurie Selber Silverstein.

| Company | Case Number |
|---|---|
| Chaparral Energy, Inc. | 16-11144 (LSS) |

## CERTIFICATE OF CORPORATE
## SECRETARY OF CHAPARRAL ENERGY, INC.

### August 15, 2020

I, the undersigned, duly elected, qualified, and acting General Counsel and Secretary of Chaparral Energy, Inc., a Delaware corporation (the "**Company**"), do hereby certify solely on behalf of the Company and not in my individual capacity, that in such capacity, I am authorized to execute this Certificate on behalf of the Company, and further certify that:

(i)    Attached hereto as **Exhibit A** is a true, correct, and complete copy of the resolutions duly adopted by the Board of Directors of the Company on the date hereof, and that (a) such resolutions have not been amended, rescinded, annulled, revoked or modified since their adoption and remain in full force and effect as of the date hereof, (b) such resolutions were adopted in accordance with the provisions of applicable law and the Company's organizational documents and (c) there exists no other subsequent resolutions of the Board of Directors relating to the matters set forth in the resolutions attached hereto as **Exhibit A**.

(ii)   Attached hereto as **Exhibit B** is a true, correct, and complete copy of the resolutions duly adopted by the Special Committee (as defined therein) of the Company on the date hereof, and that (a) such resolutions have not been amended, rescinded, annulled, revoked or modified since their adoption and remain in full force and effect as of the date hereof, (b) such resolutions were adopted in accordance with the provisions of applicable law and the Company's organizational documents and (c) there exists no other subsequent resolutions of the Special Committee relating to the matters set forth in the resolutions attached hereto as **Exhibit B**.

**IN WITNESS WHEREOF**, the undersigned has executed this certificate as of the date first set forth above.

By:    _____

Name:  Justin P. Byrne
Title:  Vice President—General
        Counsel and Secretary

## EXHIBIT A

### Board Resolutions

# CHAPARRAL ENERGY, INC.

## RESOLUTIONS FOR THE BOARD OF DIRECTORS

August 15, 2020

WHEREAS, the Board of Directors (the "Board") of Chaparral Energy, Inc., a Delaware corporation (the "Company"), has reviewed and had the opportunity to ask questions about the materials presented by the management and the legal and financial advisors of the Company regarding the liabilities and liquidity of the Company, the strategic alternatives available, and the impact of the foregoing on the Company's businesses;

WHEREAS, the Board has had the opportunity to consult with the management of the Company, the financial advisors of the Company and the legal advisors of the Board and the Company to fully consider each of the strategic alternatives available to the Company;

WHEREAS, the Board has considered presentations by management and the financial and legal advisors of the Company regarding a restructuring support agreement in form and substance substantially as proposed (the "Restructuring Support Agreement");

WHEREAS, on April 4, 2020, the Board established and appointed a special committee of independent directors of the Board (the "Special Committee"), consisting solely of independent directors not affiliated with any of the Company's large stakeholders, to (a) to the extent the Special Committee deems advisable, consider, explore, review, analyze, and evaluate one or more strategies and alternatives regarding the management of the Company's liabilities and liquidity, (b) review, evaluate, structure and, if deemed sufficiently attractive, negotiate the terms and provisions, and determine the advisability, of one or more of such alternatives and (c) make a recommendation to the full Board to approve or disapprove such an alternative;

WHEREAS, the Company has negotiated the Restructuring Support Agreement in good faith and at arm's-length with the Consenting Creditors (as defined in the Restructuring Support Agreement);

WHEREAS, both the Special Committee and the Board have received regular updates regarding such negotiations, and the Special Committee has provided guidance to the Company throughout the negotiating process;

WHEREAS, the Restructuring Support Agreement provides that it can be terminated by the Company, at the direction of the Board, if continued performance thereunder would be inconsistent with the exercise of the Board's fiduciary duties or applicable law;

WHEREAS, the Board has reviewed and considered presentations by management and the financial and legal advisors of the Company regarding the advantages and disadvantages of each Filing Company (as defined below) soliciting acceptances of the prepackaged chapter 11 plan of reorganization (as may be amended, modified, or supplemented from time to time, the "Plan") contemplated in the Restructuring Support Agreement and the related disclosures (as may be amended, modified, or supplemented from time to time, the "Disclosure Statement");

WHEREAS, the Board, in connection with the Restructuring Support Agreement, has considered presentations by management and the financial and legal advisors of the Company

regarding a backstop commitment agreement in form and substance substantially as proposed (the "Backstop Commitment Agreement");

WHEREAS, the Board, in connection with the Restructuring Support Agreement, has considered presentations by management and the financial and legal advisors of the Company regarding an exit facility commitment letter in form and substance substantially as proposed (the "Exit Facility Commitment Letter");

WHEREAS, the Board has received, reviewed and considered the recommendations of, and the materials presented by, the management of the Company, the Company's legal, financial and other advisors, and the legal advisors of the Board as to the relative risks and benefits of pursuing a case under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code");

WHEREAS, the Board has also considered presentations by management and the financial and legal advisors of the Company regarding a Settlement Agreement by and between Naylor Farms, Inc. and Chaparral Energy, L.L.C. with respect to the Royalty Class Action Settlement (as defined in the Plan) in form and substance substantially as proposed (the "Settlement Agreement");

WHEREAS, the Special Committee has reviewed with senior management, the financial advisors of the Company and the legal advisors of the Board and the Company the resolutions set forth below;

WHEREAS, the Special Committee has (a) determined that taking the actions set forth below and the transactions contemplated hereby are advisable and fair to and in the best interests of each Filing Company (as defined below) and its stakeholders, and therefore has (b) recommended to the Board that it adopt the resolutions set forth below and authorize and approve the transactions, agreements and actions contemplated hereby; and

WHEREAS, the Board believes that taking the actions set forth below is in the best interests of each Filing Company and its stakeholders and, therefore, desires to approve the following resolutions:

## I.      Commencement of Chapter 11 Case

NOW, THEREFORE, BE IT RESOLVED, that the Board has determined, after due consultation with the management of the Company, the financial advisors of the Company and the legal advisors of the Board and the Company, and after consideration of the recommendation set forth above of the Special Committee, that it is desirable and in the best interests of the Company and CEI Acquisition, L.L.C., CEI Pipeline, L.L.C., Chaparral Biofuels, L.L.C., Chaparral CO2, L.L.C., Chaparral Energy, L.L.C., Chaparral Exploration, L.L.C., Chaparral Real Estate, L.L.C., Chaparral Resources, L.L.C., Charles Energy, L.L.C., Chestnut Energy, L.L.C., Green Country Supply, Inc., Roadrunner Drilling, L.L.C. and Trabajo Energy, L.L.C. (the "Subsidiary Companies," and, together with the Company, the "Filing Companies") and each Filing Company's stakeholders that each Filing Company shall be, and hereby is, authorized to file, or cause to be filed, a petition seeking relief (each case, a "Chapter 11 Case") under the provisions of chapter 11 of the Bankruptcy Code, and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States;

RESOLVED FURTHER, that each manager, member, officer or director of each Filing Company, as well as, in each case, Charles Duginski, Justin Byrne and Stephanie Carnes (each, an "Authorized Person"), is authorized, empowered and directed to execute and file in the name and on behalf of each Filing Company, and under its corporate seal or otherwise, all plans, petitions, schedules, statements, motions, lists, applications, pleadings, orders, and other documents in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers, and other professionals, and to take and perform any and all further acts and deeds which such Authorized Person, who may act without the joinder of any other Authorized Person, deems necessary, proper, or desirable in connection with each Filing Company's Chapter 11 Case, including (a) negotiating, executing, delivering and performing any and all documents, agreements, certificates, and instruments in connection with the transactions and professional retentions set forth in this resolution, (b) appearing as necessary at all bankruptcy proceedings in the Bankruptcy Court on behalf of each applicable Filing Company and (c) paying all such expenses where necessary or appropriate in order to carry out fully the intent and accomplish the purposes of the resolutions adopted herein;

RESOLVED FURTHER, that each Filing Company is authorized, and each Authorized Person shall be, and hereby is, authorized, empowered and directed on behalf of and in the name of each Filing Company, to seek to have its Chapter 11 Case jointly administered by the Bankruptcy Court with the separate cases commenced by the other Filing Companies under Chapter 11 of the Bankruptcy Code (the respective Chapter 11 Case together with such other separate cases, the "Chapter 11 Cases"); and

RESOLVED FURTHER, that, notwithstanding Section 18-304 of the Delaware Limited Liability Company Act (the "Delaware LLC Act"), Section 2037 of the Oklahoma Limited Liability Company Act (the "Oklahoma LLC Act"), or any other applicable law, as applicable, (a) (i) the bankruptcy (as defined in Sections 18-101(1) and 18-304 of the Delaware LLC Act, and as defined by reference to the term "bankrupt" defined in Section 2001 of the Oklahoma LLC Act, as applicable) ("bankruptcy") of any member of any Subsidiary Company that is a limited liability company shall not cause such member to cease to be a member of such Subsidiary Company, (ii) upon the bankruptcy of any such member, such member shall continue to be a member of such Subsidiary Company, (iii) for the avoidance of doubt, the Board hereby consents to and agrees that no event set forth in Section 18-304 of the Delaware LLC Act or Section 2037 of the Oklahoma LLC Act with respect to a member of such Subsidiary Company shall cause such member to cease to be a member of such Subsidiary Company, and (iv) each such Subsidiary Company shall be continued without dissolution following the bankruptcy of any such member and (b) to the extent required under applicable law to effect the foregoing clause (a), the limited liability company agreement or operating agreement, as applicable, of each such Subsidiary Company of which the Company is the sole member is hereby amended to provide that the bankruptcy of the Company shall not cause the Company to cease to be a member of such Subsidiary Company and, in any such event, such Subsidiary Company shall continue without dissolution (and this consent shall be governed by the laws of the State of Delaware (with respect to any Subsidiary Company that is a Delaware limited liability company) or Oklahoma (with respect to any Subsidiary Company that is an Oklahoma limited liability company), to the extent such amendment is required under applicable law).

## II.    **Retention of Advisors**

RESOLVED, that each Authorized Person shall be, and hereby is, authorized, empowered and directed on behalf of and in the name of each Filing Company to retain the law firm of Davis Polk & Wardwell LLP, located at 450 Lexington Ave., New York, NY 10017, as counsel for such Filing Company in each Chapter 11 Case, subject to Bankruptcy Court approval;

RESOLVED FURTHER, that each Authorized Person shall be, and hereby is, authorized, empowered and directed on behalf of and in the name of each Filing Company to retain the law firm of Richards, Layton & Finger, P.A., located at 920 North King Street, Wilmington, DE 19801, as co-counsel for such Filing Company in each Chapter 11 Case, subject to Bankruptcy Court approval;

RESOLVED FURTHER, that each Authorized Person shall be, and hereby is, authorized, empowered and directed on behalf of and in the name of each Filing Company to retain (a) Intrepid Partners, LLC, located at 540 Madison Avenue, 25th Floor, New York, NY 10022, and (b) Rothschild & Co., located at 1251 Avenue of the Americas, 33rd Floor, New York, NY 10020, as investment bankers and financial advisors for such Filing Company in each Chapter 11 Case, subject to Bankruptcy Court approval;

RESOLVED FURTHER, that each Authorized Person shall be, and hereby is, authorized, empowered and directed on behalf of and in the name of each Filing Company to retain Opportune LLP, located at 711 Louisiana Street, Suite 3100, Houston, TX 77002, as restructuring advisor for such Filing Company in each Chapter 11 Case, subject to Bankruptcy Court approval; and

RESOLVED FURTHER, that each Authorized Person shall be, and hereby is, authorized, empowered and directed on behalf of and in the name of each Filing Company to retain Kurtzman Cason Consultants LLC, located at 222 N. Pacific Coast Highway, El Segundo, California 90245, as claims, noticing, solicitation and administrative agent for such Filing Company in each Chapter 11 Case, subject to Bankruptcy Court approval.

## III.    **Cash Collateral**

RESOLVED, that the Board has determined, after due consultation with the management of the Company, the financial advisors of the Company and the legal advisors of the Board and the Company, that it is desirable and in the best interests of each Filing Company and its stakeholders to obtain the benefits from the use of cash collateral (the "Cash Collateral," as such term is defined in section 363(a) of the Bankruptcy Code), which is security for certain of the Filing Companies' prepetition secured lenders under certain credit facilities by and among such Filing Companies, the guarantors party thereto, and the lenders party thereto (the "Prepetition Secured Parties");

RESOLVED FURTHER, that each Filing Company is authorized, and each Authorized Person shall be, and hereby is, authorized, empowered and directed on behalf of and in the name of each Filing Company, to seek approval of the use of cash collateral pursuant to a cash collateral order in interim and final form (a "Cash Collateral Order"), and, to the extent applicable to each Filing Company, any Authorized Person be, and hereby is, authorized, empowered and directed to negotiate, execute (under the common seal of such Filing Company, if appropriate), and deliver any and all agreements, instruments, or documents, by or on behalf of

each Filing Company, necessary or advisable to implement the Cash Collateral Order, including providing for adequate protection to the Prepetition Secured Parties in accordance with section 363 of the Bankruptcy Code, the grant of replacement liens and any additional or further agreements for the use of Cash Collateral in connection with the Chapter 11 Cases, which agreement(s) may require such Filing Company to grant adequate protection and security interests to the Prepetition Secured Parties and each other agreement, instrument, or document to be executed and delivered in connection therewith, by or on behalf of such Filing Company pursuant thereto or in connection therewith, all with such changes therein and additions thereto as any Authorized Person in his or her absolute discretion approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof; and

RESOLVED FURTHER, that each Filing Company is authorized, and each Authorized Person shall be, and hereby is, authorized, empowered and directed on behalf of and in the name of each Filing Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of the Cash Collateral Order or to do such other things which shall in his or her absolute discretion be necessary, desirable, proper, or advisable to give effect to the foregoing resolutions, which determination shall be conclusively evidenced by his or her execution thereof.

## IV.    Restructuring Support Agreement and the Chapter 11 Plan

RESOLVED, that the Board has determined, after due consultation with the management of the Company, the financial advisors of the Company and the legal advisors of the Board and the Company, that it is desirable and in the best interests of each Filing Company and its stakeholders to enter into the Restructuring Support Agreement and to commence solicitation of the Plan, as attached to the Disclosure Statement, pursuant to sections 1125(g) and 1126(b) of the Bankruptcy Code and rule 3018(b) of the Federal Rules of Bankruptcy Procedure, and that each Filing Company's performance of its obligations under the Restructuring Support Agreement and the solicitation of votes in favor of the Plan be, and hereby is, in all respects, authorized and approved;

RESOLVED FURTHER, that each Filing Company is hereby authorized, and each Authorized Person shall be, and hereby is, authorized, empowered and directed on behalf of and in the name of such Filing Company, together with such Filing Company's advisors, to take all actions (including, without limitation, to negotiate and execute any agreements, documents, or certificates) necessary to enter into the Restructuring Support Agreement and to consummate the transactions contemplated thereby in connection with the Chapter 11 Cases, and that such Filing Company's performance of its obligations under the Restructuring Support Agreement hereby is, in all respects, authorized and approved;

RESOLVED FURTHER, that the Board has determined, after due consultation with the management of the Company, the financial advisors of the Company and the legal advisors of the Board and the Company, that it is desirable and in the best interests of each Filing Company and its stakeholders that the Authorized Persons file or cause to be filed the Plan, the Disclosure Statement, and all other papers or documents (including any amendments) related thereto and to take any and all actions that any such Authorized Person deems necessary or appropriate to pursue confirmation and consummation of a plan of reorganization materially consistent with the Plan;

RESOLVED FURTHER, that each Filing Company is hereby authorized, and each Authorized Person shall be, and hereby is, authorized, empowered and directed on behalf of and in the name of such Filing Company, together with such Filing Company's advisors, to file all other documents deemed necessary to confirm a plan of reorganization materially consistent with the Plan, including, but not limited to, any amendments to and modifications of the Plan and Disclosure Statement; and

RESOLVED FURTHER, that each Authorized Person shall be, and hereby is, authorized, empowered and directed on behalf of and in the name of each Filing Company, together with such Filing Company's advisors, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such instruments as each, in his or her discretion, may deem necessary or advisable in order to consummate the Plan if confirmed by the Bankruptcy Court.

## V.   <u>Backstop Commitment Agreement</u>

RESOLVED, that the Board has determined, after due consultation with the management of the Company, the financial advisors of the Company and the legal advisors of the Board and the Company, and after consideration of the recommendation set forth above of the Special Committee, that it is desirable and in the best interests of each Filing Company and its stakeholders to enter into the Backstop Commitment Agreement;

RESOLVED FURTHER, that each Filing Company is hereby authorized, and each Authorized Person shall be, and hereby is, authorized, empowered and directed on behalf of and in the name of such Filing Company, together with such Filing Company's advisors, to take all actions (including, without limitation, to negotiate and execute any agreements, documents, or certificates) necessary to enter into the Backstop Commitment Agreement and to consummate the transactions contemplated thereby, with such changes therein and additions thereto as any Authorized Person executing the same may in his or her discretion deem necessary or appropriate, the execution of the Backstop Commitment Agreement to be conclusive evidence of the approval thereof; and

RESOLVED FURTHER, that each Authorized Person shall be, and hereby is, authorized, empowered and directed on behalf of and in the name of each Filing Company, to cause each Filing Company to enter into, execute, deliver, certify, file and/or record, and perform, the Backstop Commitment Agreement and such other documents, agreements, instruments and certificates as may be required by the Backstop Commitment Agreement.

## VI.   <u>Exit Facility Commitment Letter</u>

RESOLVED, that the Board has determined, after due consultation with the management of the Company, the financial advisors of the Company and the legal advisors of the Board and the Company, and after consideration of the recommendation set forth above of the Special Committee, that it is desirable and in the best interests of each Filing Company and its stakeholders to enter into the Exit Facility Commitment Letter;

RESOLVED FURTHER, that each Filing Company is hereby authorized, and each Authorized Person shall be, and hereby is, authorized, empowered and directed on behalf of and in the name of such Filing Company, together with such Filing Company's advisors, to take all actions (including, without limitation, to negotiate and execute any agreements, documents, or

certificates) necessary to enter into the Exit Facility Commitment Letter and to consummate the transactions contemplated thereby, with such changes therein and additions thereto as any Authorized Person executing the same may in his or her discretion deem necessary or appropriate, the execution of the Exit Facility Commitment Letter to be conclusive evidence of the approval thereof; and

RESOLVED FURTHER, that each Authorized Person shall be, and hereby is, authorized, empowered and directed on behalf of and in the name of each Filing Company, to cause each Filing Company to enter into, execute, deliver, certify, file and/or record, and perform, the Exit Facility Commitment Letter and such other documents, agreements, instruments and certificates as may be required by the Exit Facility Commitment Letter.

## VII.    Settlement Agreement

RESOLVED, that the Board has determined, after due consultation with the management of the Company, the financial advisors of the Company and the legal advisors of the Board and the Company, and after consideration of the recommendation set forth above of the Special Committee, that it is desirable and in the best interests of the Filing Companies and its stakeholders for Chaparral Energy, L.L.C. to enter into the Settlement Agreement;

RESOLVED FURTHER, that each of the Company and Chaparral Energy, L.L.C. is hereby authorized, and each Authorized Person shall be, and hereby is, authorized, empowered and directed on behalf of and in the name of the Company and Chaparral Energy, L.L.C., together with each of the Company's and Chaparral Energy, L.L.C.'s advisors, to take all actions (including, without limitation, to negotiate and execute any agreements, documents, or certificates) necessary to enter into the Settlement Agreement and to consummate the transactions contemplated thereby, with such changes therein and additions thereto as any Authorized Person executing the same may in his or her discretion deem necessary or appropriate, the execution of the Settlement Agreement to be conclusive evidence of the approval thereof; and

RESOLVED FURTHER, that each Authorized Person shall be, and hereby is, authorized, empowered and directed on behalf of and in the name of the Company and Chaparral Energy, L.L.C., to cause Chaparral Energy, L.L.C. to enter into, execute, deliver, certify, file and/or record, and perform, the Settlement Agreement and such other documents, agreements, instruments and certificates as may be required by the Settlement Agreement.

## VIII.    General Authorization and Ratification

RESOLVED, that each Authorized Person be, and each, acting alone, hereby is, authorized, empowered and directed, for and on behalf of each Filing Company to (a) do and perform all such acts and things and enter into, execute, acknowledge, deliver, and file all such certificates, agreements, acknowledgments, instruments, contracts, statements, and other documents and to take such further actions as such Authorized Person may deem necessary or appropriate to effect the intent and accomplish the purposes of the foregoing resolutions, with the taking of any such action by such Authorized Person being conclusive evidence that the same did meet such standards as set forth above, (b) perform the obligations of the Filing Company under the Bankruptcy Code, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices and documents to be executed and delivered in such form, as the Authorized Person performing or executing the same shall approve, and the performance or execution thereof by such Authorized Person shall be conclusive evidence of the

approval thereof by such Authorized Person, by the Board and by the applicable Filing Company and (c) pay fees and expenses in connection with the transactions contemplated by the foregoing resolutions;

RESOLVED FURTHER, the Board has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Filing Companies, or hereby waives any right to have received such notice; and

RESOLVED FURTHER, that any and all actions taken by an Authorized Person prior to the date of adoption of the foregoing resolutions, which would have been authorized by the foregoing resolutions but for the fact that such actions were taken prior to such date, be, and each hereby is, ratified, approved, confirmed, and adopted as a duly authorized act of each Filing Company in all respects and for all purposes.

# EXHIBIT B

**Special Committee Resolutions**

**CHAPARRAL ENERGY, INC.**

**RESOLUTIONS FOR THE SPECIAL COMMITTEE OF
THE BOARD OF DIRECTORS**

August 15, 2020

WHEREAS, on April 4, 2020, the Board of Directors (the "Board") of Chaparral Energy, Inc., a Delaware corporation (the "Company"), established the Special Committee (the "Special Committee"), consisting solely of independent directors not affiliated with any of the Company's large stakeholders, to (a) to the extent the Special Committee deems advisable, consider, explore, review, analyze, and evaluate one or more strategies and alternatives (the "Liability Management Alternatives") regarding the management of the Company's liabilities and liquidity, (b) review, evaluate, structure and, if deemed sufficiently attractive, negotiate the terms and provisions, and determine the advisability, of one or more Liability Management Alternatives and (c) make a recommendation to the full Board to approve or disapprove a Liability Management Alternative;

WHEREAS, the Special Committee has reviewed and had the opportunity to ask questions about the materials presented by the management and the legal and financial advisors of the Company regarding the liabilities and liquidity of the Company, the strategic alternatives available, and the impact of the foregoing on the Company's businesses;

WHEREAS, the Special Committee has had the opportunity to consult with the management of the Company, the financial advisors of the Company and the legal advisors of the Board and the Company to fully consider each of the strategic alternatives available to the Company;

WHEREAS, the Special Committee has considered presentations by management and the financial and legal advisors of the Company regarding a restructuring support agreement in form and substance substantially as proposed (the "Restructuring Support Agreement");

WHEREAS, the Company has negotiated the Restructuring Support Agreement in good faith and at arm's-length with the Consenting Creditors (as defined in the Restructuring Support Agreement);

WHEREAS, the Restructuring Support Agreement provides that it can be terminated by the Company, at the direction of the Board, if continued performance thereunder would be inconsistent with the exercise of the Board's fiduciary duties or applicable law;

WHEREAS, the Special Committee has reviewed and considered presentations by management and the financial and legal advisors of the Company regarding the advantages and disadvantages of each Filing Company (as defined below) soliciting acceptances of the prepackaged chapter 11 plan of reorganization (as may be amended, modified, or supplemented from time to time, the "Plan") contemplated in the Restructuring Support Agreement and the related disclosures (as may be amended, modified, or supplemented from time to time, the "Disclosure Statement");

WHEREAS, the Special Committee, in connection with the Restructuring Support Agreement, has considered presentations by management and the financial and legal advisors of

the Company regarding a backstop commitment agreement in form and substance substantially as proposed (the "Backstop Commitment Agreement");

WHEREAS, the Special Committee, in connection with the Restructuring Support Agreement, has considered presentations by management and the financial and legal advisors of the Company regarding an exit facility commitment letter in form and substance substantially as proposed (the "Exit Facility Commitment Letter");

WHEREAS, the Special Committee has also considered presentations by management and the financial and legal advisors of the Company regarding a Settlement Agreement by and between Naylor Farms, Inc. and Chaparral Energy, L.L.C. with respect to the Royalty Class Action Settlement (as defined in the Plan) in form and substance substantially as proposed (the "Settlement Agreement");

WHEREAS, the Special Committee has received, reviewed and considered the recommendations of, and the materials presented by, the management of the Company, the Company's legal, financial and other advisors, and the legal advisors of the Board as to the relative risks and benefits of pursuing a case under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code");

WHEREAS, the Special Committee has reviewed with senior management, the financial advisors of the Company and the legal advisors of the Board and the Company the resolutions set forth below; and

WHEREAS, the Special Committee believes that taking the actions set forth below are advisable and fair to and in the best interests of each Filing Company (as defined below) and its stakeholders and, therefore, has determined to recommend to the Board that it authorize and approve the Filing Companies taking certain actions and entering into certain agreements as further described below:

## I.    Commencement of Chapter 11 Case

NOW, THEREFORE, BE IT RESOLVED, that the Special Committee has determined, after due consultation with the management of the Company, the financial advisors of the Company and the legal advisors of the Board and the Company, that it is desirable and in the best interests of the Company and CEI Acquisition, L.L.C., CEI Pipeline, L.L.C., Chaparral Biofuels, L.L.C., Chaparral CO2, L.L.C., Chaparral Energy, L.L.C., Chaparral Exploration, L.L.C., Chaparral Real Estate, L.L.C., Chaparral Resources, L.L.C., Charles Energy, L.L.C., Chestnut Energy, L.L.C., Green Country Supply, Inc., Roadrunner Drilling, L.L.C. and Trabajo Energy, L.L.C. (the "Subsidiary Companies," and, together with the Company, the "Filing Companies") and each Filing Company's stakeholders that each Filing Company shall be, and is, authorized to file, or cause to be filed, a petition seeking relief (each case, a "Chapter 11 Case") under the provisions of chapter 11 of the Bankruptcy Code, and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States, and the Special Committee hereby recommends that the Board authorize and approve the foregoing;

RESOLVED FURTHER, that the Special Committee recommends that the Board determine that each manager, member, officer or director of each Filing Company, as well as, in each case, Charles Duginski, Justin Byrne and Stephanie Carnes (each, an "Authorized Person"), is authorized, empowered and directed to execute and file in the name and on behalf of each Filing

Company, and under its corporate seal or otherwise, all plans, petitions, schedules, statements, motions, lists, applications, pleadings, orders, and other documents in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers, and other professionals, and to take and perform any and all further acts and deeds which such Authorized Person, who may act without the joinder of any other Authorized Person, deems necessary, proper, or desirable in connection with each Filing Company's Chapter 11 Case, including (a) negotiating, executing, delivering and performing any and all documents, agreements, certificates, and instruments in connection with the transactions and professional retentions set forth in this resolution, (b) appearing as necessary at all bankruptcy proceedings in the Bankruptcy Court on behalf of each applicable Filing Company and (c) paying all such expenses where necessary or appropriate in order to carry out fully the intent and accomplish the purposes of the resolutions adopted herein;

RESOLVED FURTHER, that the Special Committee recommends that the Board determine that each Filing Company is authorized, and each Authorized Person shall be, and is, authorized, empowered and directed on behalf of and in the name of each Filing Company, to seek to have its Chapter 11 Case jointly administered by the Bankruptcy Court with the separate cases commenced by the other Filing Companies under Chapter 11 of the Bankruptcy Code (the respective Chapter 11 Case together with such other separate cases, the "Chapter 11 Cases"); and

RESOLVED FURTHER, that the Special Committee recommends that the Board determine that, notwithstanding Section 18-304 of the Delaware Limited Liability Company Act (the "Delaware LLC Act"), Section 2037 of the Oklahoma Limited Liability Company Act (the "Oklahoma LLC Act"), or any other applicable law, as applicable, (a) (i) the bankruptcy (as defined in Sections 18-101(1) and 18-304 of the Delaware LLC Act, and as defined by reference to the term "bankrupt" defined in Section 2001 of the Oklahoma LLC Act, as applicable) ("bankruptcy") of any member of any Subsidiary Company that is a limited liability company shall not cause such member to cease to be a member of such Subsidiary Company, (ii) upon the bankruptcy of any such member, such member shall continue to be a member of such Subsidiary Company, (iii) for the avoidance of doubt, the Board consents to and agrees that no event set forth in Section 18-304 of the Delaware LLC Act or Section 2037 of the Oklahoma LLC Act with respect to a member of such Subsidiary Company shall cause such member to cease to be a member of such Subsidiary Company, and (iv) each such Subsidiary Company shall be continued without dissolution following the bankruptcy of any such member and (b) to the extent required under applicable law to effect the foregoing clause (a), the limited liability company agreement or operating agreement, as applicable, of each such Subsidiary Company of which the Company is the sole member is amended to provide that the bankruptcy of the Company shall not cause the Company to cease to be a member of such Subsidiary Company and, in any such event, such Subsidiary Company shall continue without dissolution (and the Board's consent shall be governed by the laws of the State of Delaware (with respect to any Subsidiary Company that is a Delaware limited liability company) or Oklahoma (with respect to any Subsidiary Company that is an Oklahoma limited liability company), to the extent such amendment is required under applicable law).

## II.  **Retention of Advisors**

RESOLVED, that the Special Committee recommends that the Board determine that each Authorized Person shall be, and is, authorized, empowered and directed on behalf of and

in the name of each Filing Company to retain the law firm of Davis Polk & Wardwell LLP, located at 450 Lexington Ave., New York, NY 10017, as counsel for such Filing Company in each Chapter 11 Case, subject to Bankruptcy Court approval;

RESOLVED FURTHER, that the Special Committee recommends that the Board determine that each Authorized Person shall be, and is, authorized, empowered and directed on behalf of and in the name of each Filing Company to retain the law firm of Richards, Layton & Finger, P.A., located at 920 North King Street, Wilmington, DE 19801, as co-counsel for such Filing Company in each Chapter 11 Case, subject to Bankruptcy Court approval;

RESOLVED FURTHER, that the Special Committee recommends that the Board determine that each Authorized Person shall be, and is, authorized, empowered and directed on behalf of and in the name of each Filing Company to retain (a) Intrepid Partners, LLC, located at 540 Madison Avenue, 25th Floor, New York, NY 10022, and (b) Rothschild & Co., located at 1251 Avenue of the Americas, 33rd Floor, New York, NY 10020, as investment bankers and financial advisors for such Filing Company in each Chapter 11 Case, subject to Bankruptcy Court approval;

RESOLVED FURTHER, that the Special Committee recommends that the Board determine that each Authorized Person shall be, and is, authorized, empowered and directed on behalf of and in the name of each Filing Company to retain Opportune LLP, located at 711 Louisiana Street, Suite 3100, Houston, TX 77002, as restructuring advisor for such Filing Company in each Chapter 11 Case, subject to Bankruptcy Court approval; and

RESOLVED FURTHER, that the Special Committee recommends that the Board determine that each Authorized Person shall be, and is, authorized, empowered and directed on behalf of and in the name of each Filing Company to retain Kurtzman Cason Consultants LLC, located at 222 N. Pacific Coast Highway, El Segundo, California 90245, as claims, noticing, solicitation and administrative agent for such Filing Company in each Chapter 11 Case, subject to Bankruptcy Court approval.

## III.  Cash Collateral

RESOLVED, that the Special Committee has determined, after due consultation with the management of the Company, the financial advisors of the Company and the legal advisors of the Board and the Company, that it is desirable and in the best interests of each Filing Company and its stakeholders to obtain the benefits from the use of cash collateral (the "Cash Collateral," as such term is defined in section 363(a) of the Bankruptcy Code), which is security for certain of the Filing Companies' prepetition secured lenders under certain credit facilities by and among such Filing Companies, the guarantors party thereto, and the lenders party thereto (the "Prepetition Secured Parties");

RESOLVED FURTHER, that the Special Committee recommends that the Board determine that each Filing Company is authorized, and each Authorized Person shall be, and is, authorized, empowered and directed on behalf of and in the name of each Filing Company, to seek approval of the use of cash collateral pursuant to a cash collateral order in interim and final form (a "Cash Collateral Order"), and, to the extent applicable to each Filing Company, any Authorized Person be, and is, authorized, empowered and directed to negotiate, execute (under the common seal of such Filing Company, if appropriate), and deliver any and all agreements, instruments, or documents, by or on behalf of each Filing Company, necessary or advisable to implement the Cash Collateral Order, including providing for adequate protection to the

Prepetition Secured Parties in accordance with section 363 of the Bankruptcy Code, the grant of replacement liens and any additional or further agreements for the use of Cash Collateral in connection with the Chapter 11 Cases, which agreement(s) may require such Filing Company to grant adequate protection and security interests to the Prepetition Secured Parties and each other agreement, instrument, or document to be executed and delivered in connection therewith, by or on behalf of such Filing Company pursuant thereto or in connection therewith, all with such changes therein and additions thereto as any Authorized Person in his or her absolute discretion approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof; and

RESOLVED FURTHER, that the Special Committee recommends that the Board determine that each Filing Company is authorized, and each Authorized Person shall be, and is, authorized, empowered and directed on behalf of and in the name of each Filing Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of the Cash Collateral Order or to do such other things which shall in his or her absolute discretion be necessary, desirable, proper, or advisable to give effect to the foregoing resolutions, which determination shall be conclusively evidenced by his or her execution thereof.

## IV.    Restructuring Support Agreement and the Chapter 11 Plan

RESOLVED, that the Special Committee has determined, after due consultation with the management of the Company, the financial advisors of the Company and the legal advisors of the Board and the Company, that it is desirable and in the best interests of each Filing Company and its stakeholders to enter into the Restructuring Support Agreement and to commence solicitation of the Plan, as attached to the Disclosure Statement, pursuant to sections 1125(g) and 1126(b) of the Bankruptcy Code and rule 3018(b) of the Federal Rules of Bankruptcy Procedure, and that each Filing Company's performance of its obligations under the Restructuring Support Agreement and the solicitation of votes in favor of the Plan be, and is, in all respects, authorized and approved, and the Special Committee hereby recommends that the Board authorize and approve the foregoing;

RESOLVED FURTHER, that the Special Committee recommends that the Board determine that each Filing Company is authorized, and each Authorized Person shall be, and is, authorized, empowered and directed on behalf of and in the name of such Filing Company, together with such Filing Company's advisors, to take all actions (including, without limitation, to negotiate and execute any agreements, documents, or certificates) necessary to enter into the Restructuring Support Agreement and to consummate the transactions contemplated thereby in connection with the Chapter 11 Cases, and that such Filing Company's performance of its obligations under the Restructuring Support Agreement is, in all respects, authorized and approved;

RESOLVED FURTHER, that the Special Committee has determined, after due consultation with the management of the Company, the financial advisors of the Company and the legal advisors of the Board and the Company, that it is desirable and in the best interests of each Filing Company and its stakeholders that the Authorized Persons file or cause to be filed the Plan, the Disclosure Statement, and all other papers or documents (including any amendments) related thereto and to take any and all actions that any such Authorized Person deems necessary or

appropriate to pursue confirmation and consummation of a plan of reorganization materially consistent with the Plan;

RESOLVED FURTHER, that the Special Committee recommends that the Board determine that each Filing Company is authorized, and each Authorized Person shall be, and is, authorized, empowered and directed on behalf of and in the name of such Filing Company, together with such Filing Company's advisors, to file all other documents deemed necessary to confirm a plan of reorganization materially consistent with the Plan, including, but not limited to, any amendments to and modifications of the Plan and Disclosure Statement; and

RESOLVED FURTHER, that the Special Committee recommends that the Board determine that each Authorized Person shall be, and is, authorized, empowered and directed on behalf of and in the name of each Filing Company, together with such Filing Company's advisors, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such instruments as each, in his or her discretion, may deem necessary or advisable in order to consummate the Plan if confirmed by the Bankruptcy Court.

## V.   Backstop Commitment Agreement

RESOLVED, that the Special Committee has determined, after due consultation with the management of the Company, the financial advisors of the Company and the legal advisors of the Board and the Company, that it is desirable and in the best interests of each Filing Company and its stakeholders to enter into the Backstop Commitment Agreement;

RESOLVED FURTHER, that the Special Committee recommends that the Board determine that each Filing Company is authorized, and each Authorized Person shall be, and is, authorized, empowered and directed on behalf of and in the name of such Filing Company, together with such Filing Company's advisors, to take all actions (including, without limitation, to negotiate and execute any agreements, documents, or certificates) necessary to enter into the Backstop Commitment Agreement and to consummate the transactions contemplated thereby, with such changes therein and additions thereto as any Authorized Person executing the same may in his or her discretion deem necessary or appropriate, the execution of the Backstop Commitment Agreement to be conclusive evidence of the approval thereof; and

RESOLVED FURTHER, that the Special Committee recommends that the Board determine that each Authorized Person shall be, and is, authorized, empowered and directed on behalf of and in the name of each Filing Company, to cause each Filing Company to enter into, execute, deliver, certify, file and/or record, and perform, the Backstop Commitment Agreement and such other documents, agreements, instruments and certificates as may be required by the Backstop Commitment Agreement.

## VI.   Exit Facility Commitment Letter

RESOLVED, that the Special Committee has determined, after due consultation with the management of the Company, the financial advisors of the Company and the legal advisors of the Board and the Company, that it is desirable and in the best interests of each Filing Company and its stakeholders to enter into the Exit Facility Commitment Letter;

RESOLVED FURTHER, that the Special Committee recommends that the Board determine that each Filing Company is authorized, and each Authorized Person shall be, and is,

authorized, empowered and directed on behalf of and in the name of such Filing Company, together with such Filing Company's advisors, to take all actions (including, without limitation, to negotiate and execute any agreements, documents, or certificates) necessary to enter into the Exit Facility Commitment Letter and to consummate the transactions contemplated thereby, with such changes therein and additions thereto as any Authorized Person executing the same may in his or her discretion deem necessary or appropriate, the execution of the Exit Facility Commitment Letter to be conclusive evidence of the approval thereof; and

RESOLVED FURTHER, that the Special Committee recommends that the Board determine that each Authorized Person shall be, and is, authorized, empowered and directed on behalf of and in the name of each Filing Company, to cause each Filing Company to enter into, execute, deliver, certify, file and/or record, and perform, the Exit Facility Commitment Letter and such other documents, agreements, instruments and certificates as may be required by the Exit Facility Commitment Letter.

## VII. <u>Settlement Agreement</u>

RESOLVED, that the Special Committee has determined, after due consultation with the management of the Company, the financial advisors of the Company and the legal advisors of the Board and the Company, that it is desirable and in the best interests of the Filing Companies and its stakeholders for Chaparral Energy, L.L.C. to enter into the Settlement Agreement;

RESOLVED FURTHER, that the Special Committee recommends that the Board determine that each of the Company and Chaparral Energy, L.L.C. is hereby authorized, and each Authorized Person shall be, and hereby is, authorized, empowered and directed on behalf of and in the name of the Company and Chaparral Energy, L.L.C., together with each of the Company's and Chaparral Energy, L.L.C.'s advisors, to take all actions (including, without limitation, to negotiate and execute any agreements, documents, or certificates) necessary to enter into the Settlement Agreement and to consummate the transactions contemplated thereby, with such changes therein and additions thereto as any Authorized Person executing the same may in his or her discretion deem necessary or appropriate, the execution of the Settlement Agreement to be conclusive evidence of the approval thereof; and

RESOLVED FURTHER, that the Special Committee recommends that the Board determine that each Authorized Person shall be, and hereby is, authorized, empowered and directed on behalf of and in the name of the Company and Chaparral Energy, L.L.C., to cause Chaparral Energy, L.L.C. to enter into, execute, deliver, certify, file and/or record, and perform, the Settlement Agreement and such other documents, agreements, instruments and certificates as may be required by the Settlement Agreement.

## VIII. <u>General Authorization and Ratification</u>

RESOLVED, that the Special Committee recommends that the Board determine that each Authorized Person be, and each, acting alone, is, authorized, empowered and directed, for and on behalf of each Filing Company to (a) do and perform all such acts and things and enter into, execute, acknowledge, deliver, and file all such certificates, agreements, acknowledgments, instruments, contracts, statements, and other documents and to take such further actions as such Authorized Person may deem necessary or appropriate to effect the intent and accomplish the purposes of the foregoing resolutions, with the taking of any such action by such Authorized

Person being conclusive evidence that the same did meet such standards as set forth above, (b) perform the obligations of the Filing Company under the Bankruptcy Code, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices and documents to be executed and delivered in such form, as the Authorized Person performing or executing the same shall approve, and the performance or execution thereof by such Authorized Person shall be conclusive evidence of the approval thereof by such Authorized Person, by the Board and by the applicable Filing Company and (c) pay fees and expenses in connection with the transactions contemplated by the foregoing resolutions;

RESOLVED FURTHER, the Special Committee has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Filing Companies, or hereby waives any right to have received such notice; and

RESOLVED FURTHER, that the Special Committee recommends that the Board determine that any and all actions taken by an Authorized Person prior to the date of adoption of the foregoing resolutions, which would have been authorized by the foregoing resolutions but for the fact that such actions were taken prior to such date, be, and each is, ratified, approved, confirmed, and adopted as a duly authorized act of each Filing Company in all respects and for all purposes.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) |
|  | ) Chapter 11 |
| CHAPARRAL ENERGY, INC.[1] | ) |
|  | ) Case No. 20-_____ (___) |
| Debtors. | ) |
|  | ) (Joint Administration Pending) |
|  | ) |

### CONSOLIDATED LIST OF CREDITORS WHO HAVE THE 20 LARGEST UNSECURED CLAIMS AND ARE NOT INSIDERS

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby certify that the Consolidated List of Creditors Who have the 20 Largest Unsecured Claims and Are Not Insiders submitted herewith contains the names and addresses of the Debtors' top 20 unsecured creditors. The list has been prepared from the unaudited books and records of the Debtors. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in the Debtors' chapter 11 cases. The list does not include (i) persons that come within the definition of "insider" set forth in 11 U.S.C. § 101(31) or (ii) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 20 largest unsecured claims. The information contained herein shall not constitute an admission of liability by, nor is it binding on, the Debtors. Moreover, nothing herein shall affect the Debtors' rights to challenge the amount or characterization of any claim at a later date. The failure to list a claim as contingent, unliquidated or disputed does not constitute a waiver of the Debtors' rights to contest the validity, priority and/or amount of any such claim.

---

[1]  The Debtors in these cases, along with the last four digits (or five digits, in cases in which multiple Debtors have the same last four digits) of each Debtor's federal tax identification number, are: CEI Acquisition, L.L.C. (1817); CEI Pipeline, L.L.C. (6877); Chaparral Biofuels, L.L.C. (1066); Chaparral CO2, L.L.C. (1656); Chaparral Energy, Inc. (90941); Chaparral Energy, L.L.C. (20941); Chaparral Exploration, L.L.C. (1968); Chaparral Real Estate, L.L.C. (1655); Chaparral Resources, L.L.C. (1710); Charles Energy, L.L.C. (3750); Chestnut Energy, L.L.C. (9730); Green Country Supply, Inc. (2723); Roadrunner Drilling, L.L.C. (2399); and Trabajo Energy, L.L.C. (9753). The Debtors' address is 701 Cedar Lake Boulevard, Oklahoma City, OK 73114.

**Fill in this information to identify the case:**

Debtor name: CHAPARRAL ENERGY, INC.

United States Bankruptcy Court for the District of Delaware

Case number (if known): _____

☐ Check if this is an
amended filing

Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | UMB Bank, NA, as the indenture trustee of the 8 3/4% Senior Notes due 2023 5555 San Felipe St., Suite 870 Houston,TX 77056 | UMB Bank, NA as the indenture trustee of the 8 3/4% Senior Notes due 2023 Phone: Fax: (713) 300-0590 Email: Mauri.Cowen@umb.com; David.Massa@umb.com; Gordon.Gendler@umb.com; Gavin.Wilkinson@umb.com | Debt | | | | $    314,291,666 |
| 2 | NAYLOR FARMS INC 401 SW 24 TH AVE BOX 205 PERRYTON,TX 79070 | NAYLOR FARMS INC Phone: 806-435-4869 Fax: Email: conner@helmslegal.com | Litigation | contingent, unliquidated, and disputed | | | Undetermined |
| 3 | ROAN RESOURCES LLC 320 S BOSTON STE 900 TULSA,OK 74103 | ROAN RESOURCES LLC Phone: 918-949-4680 Fax: Email: | Working interest / royalties payable; trade payable | | | | $      1,074,886 |
| 4 | GEORGE W CLARK JR TRUST 3801 E FORMAN RD EL RENO,OK 73036 | GEORGE W CLARK JR TRUST Phone: Fax: Email: | Working interest / royalties payable | | | | $      1,052,268 |
| 5 | DALE OPERATING COMPANY 2100 ROSS AVE SUITE 1870 DALLAS,TX 75201 | DALE OPERATING COMPANY Phone: 214-979-9010 Fax: Email: karolina@dale-energy.com | Trade Payable | | | | $        745,321 |
| 6 | SIGHTLINE PO BOX 3195 OKLAHOMA CITY,OK 73101 | SIGHTLINE Phone: 405-819-0264 Fax: Email: jonathan.kraft@yahoo.com | Trade Payable | | | | $        612,500 |
| 7 | WHITE STAR PETROLEUM HOLDINGS LLC 301 NW 63RD SUITE 900 OKLAHOMA CITY,OK 73116 | WHITE STAR PETROLEUM HOLDINGS LLC Phone: Fax: Email: | Trade Payable | | | | $        567,675 |
| 8 | BCE-MACH III LLC PO BOX 248819 OKLAHOMA CITY,OK 73124-8819 | BCE-MACH III LLC Phone: Fax: Email: ktucker@machresources.com | Working interest / royalties payable | | | | $        526,958 |
| 9 | BCE ROADRUNNER LLC 1201 LOUISIANA ST STE 3308 HOUSTON,TX 77002 | BCE ROADRUNNER LLC Phone: 713-400-8213 Fax: Email: KRISTIN@BAYOUCITY ENERGY.COM | Working interest / royalties payable | | | | $        487,800 |
| 10 | RAF EXPLORATION LLC 5816 NW 135TH ST STE A OKLAHOMA CITY,OK 73142 | RAF EXPLORATION LLC Phone: Fax: Email: | Working interest / royalties payable | | | | $        454,781 |
| 11 | PALOMA PARTNERS IV LLC 1100 LOUISIANA STE 5100 HOUSTON,TX 77002 | PALOMA PARTNERS IV LLC Phone: 713-650-8500 Fax: Email: | Working interest / royalties payable; trade payable | | | | $        384,245 |
| 12 | HERITAGE RESOURCES-NONOP LLC P O BOX 13580 OKLAHOMA CITY,OK 73113 | HERITAGE RESOURCES-NONOP LLC Phone: 405-594-4060 Fax: 405-594-4051 Email: | Working interest / royalties payable | | | | $        353,098 |
| 13 | LEADER ENERGY SERVICES LLC DEPARTMET #300, PO BOX 4776 HOUSTON,TX   77210 | LEADER ENERGY SERVICES LLC Phone: Fax: Email: djohnson@leaderenergy.com | Trade Payables | | | | $        254,358 |
| 14 | DEVON ENERGY PROD CO LP P O BOX 842485 DALLAS,TX 75284-2485 | DEVON ENERGY PROD CO LP Phone: 405-228-4800 Fax: 405-552-4550 Email: | Working interest / royalties payable | | | | $        219,430 |
| 15 | BISON WATER MIDSTREAM (BWM) PO BOX 258831 OKLAHOMA CITY,OK 73125-8831 | BISON WATER MIDSTREAM (BWM) Phone: Fax: Email: arsupport@bisonok.com | Trade Payables | | | | $        180,355 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 16 | CHISHOLM OIL &  GAS OPERATING LLC ATTN ROBERT M ZINKE 6100 S YALE AVENUE SUITE 1700 TULSA,OK    74136 | CHISHOLM OIL &  GAS OPERATING LLC Phone: Fax: Email: accountspayable@chisholmog.com | Working interest / royalties payable; trade payable | | | | $       165,311 |
| 17 | TOM & MARTY ROTHER TRUST 5325 234TH STREET NW OKARCHE,OK 73762 | TOM & MARTY ROTHER TRUST Phone: 405-263-4404 Fax: Email: | Working interest / royalties payable | | | | $       144,126 |
| 18 | KING ENERGY LLC 7025 N ROBINSON OKLAHOMA CITY,OK 73116 | KING ENERGY LLC Phone: 405-463-0909 Fax: Email: | Working interest / royalties payable | | | | $       138,012 |
| 19 | CHESAPEAKE OPERATING INC PO BOX 207295 DALLAS,TX    75320-7295 | CHESAPEAKE OPERATING INC Phone: Fax: Email: lacie.mcgillicuddy@chk.com | Trade Payables | | | | $       137,772 |
| 20 | CONTANGO RESOURCES, INC P.O. BOX 735060 DALLAS,TX 75373-5060 | CONTANGO RESOURCES, INC Phone: Fax: Email: kelly.poisson@contango.com | Working interest / royalties payable; trade payable | | | | $       129,294 |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | ) |
|  | ) Chapter 11 |
| CHAPARRAL ENERGY, INC.[1] | ) |
|  | ) Case No. 20-_____ (___) |
| Debtor. | ) |
|  | ) (Joint Administration Pending) |
|  | ) |

**STATEMENT OF CORPORATE OWNERSHIP**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Fed. R. Bankr. P., Chaparral Energy, Inc. ("**Chaparral Energy**"), on behalf of itself and its affiliated debtors in the above-captioned cases (collectively, the "**Debtors**"), respectfully represent as follows:

1. Chaparral Energy is the corporate parent of each of the other Debtors in these chapter 11 cases and directly or indirectly owns 100% interest in all of the Debtors.[2]

2. Chaparral Energy's equity securities are publicly held. The following is a list of entities that own 10% or more of the issued and outstanding common stock of Chaparral Energy:

    a. Strategic Value Partners, LLC, a Delaware limited liability company own approximately 30.00% of the issued and outstanding common stock of Chaparral Energy.

---

[1] The last four digits of the Debtor's taxpayer identification number is 0941 and its address is 701 Cedar Lake Blvd., Oklahoma City, OK 73114.

[2] A corporate organizational chart depicting the ownership structure of the Debtors is attached as ExhibitA to the Declaration of *Charles Duginski, Chief Executive Officer of Chaparral Energy, Inc., in Support of Chapter 11 Petitions and First Day Pleadings* filed concurrently herewith.

**Fill in this information to identify the case and this filing:**

Debtor Name    Chaparral Energy, Inc.

United States Bankruptcy Court for the: _____    District of    Delaware
                                                                          (State)

Case number (If known):    _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* _____

☑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☑ Other document that requires a declaration    Statement of Corporate Ownership; List of Equity Security Holders Over 10%

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    08/16/2020            ✗    /s/ Charles Duginski
               MM / DD / YYYY              Signature of individual signing on behalf of debtor

                                          Charles Duginski
                                          Printed name

                                          Chief Executive Officer
                                          Position or relationship to debtor