# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| CHAPARRAL ENERGY, INC., *et al.*,[1] | Case No. 20-_____ (___) |
| Debtors. | (Joint Administration Requested) |

## MOTION OF DEBTORS FOR ENTRY OF INTERIM AND FINAL ORDERS (I) AUTHORIZING THE PAYMENT OF CERTAIN TAXES AND FEES AND (II) GRANTING RELATED RELIEF

Chaparral Energy, Inc. and its subsidiaries that are debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned cases (the "**Chapter 11 Cases**"), hereby move (this "**Motion**") for entry of interim and final orders, substantially in the forms attached hereto as **Exhibit A** and **Exhibit B** (respectively, the "**Interim Order**" and the "**Final Order**"), granting the relief described below.  In support thereof, the Debtors refer to the contemporaneously filed *Declaration of Charles Duginski in Support of Chapter 11 Petitions and First Day Pleadings* (the "**First Day Declaration**") and further represent as follows:

## JURISDICTION

1.      The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28

---

[1]     The Debtors in these cases, along with the last four digits (or five digits, in cases in which multiple Debtors have the same last four digits) of each Debtor's federal tax identification number, are: CEI Acquisition, L.L.C. (1817); CEI Pipeline, L.L.C. (6877); Chaparral Biofuels, L.L.C. (1066); Chaparral CO2, L.L.C. (1656); Chaparral Energy, Inc. (90941); Chaparral Energy, L.L.C. (20941); Chaparral Exploration, L.L.C. (1968); Chaparral Real Estate, L.L.C. (1655); Chaparral Resources, L.L.C. (1710); Charles Energy, L.L.C. (3750); Chestnut Energy, L.L.C. (9730); Green Country Supply, Inc. (2723); Roadrunner Drilling, L.L.C. (2399); and Trabajo Energy, L.L.C. (9753).  The Debtors' address is 701 Cedar Lake Boulevard, Oklahoma City, OK 73114.

U.S.C. § 157(b)(2).  Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

2.      Venue of the Chapter 11 Cases and related proceedings is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief requested herein are sections 105(a), 363(b), 506(a), 507(a)(8) and 541 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**") and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## BACKGROUND

4.      On August 16, 2020 (the "**Petition Date**"), the Debtors filed voluntary petitions in this Court commencing the Chapter 11 Cases.  The Debtors continue to manage and operate their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.  No trustee or examiner has been requested in the Chapter 11 Cases and no committees have yet been appointed.

5.      The Debtors commenced the Chapter 11 Cases to implement their comprehensive, prepackaged plan of reorganization (the "**Plan**").  The Plan is the result of extensive negotiations between the Debtors, their revolving lenders, and their unsecured noteholders, who have agreed on a comprehensive balance sheet restructuring that will reduce the Debtors' debt burden and increase liquidity.  Holders of more than 75% of the Debtors' outstanding revolving loans and more than 75% of the Debtors' outstanding unsecured notes

2

have documented their support for the Plan and the Chapter 11 Cases by executing a restructuring support agreement prior to the Petition Date.  Under the Plan, the Debtors will equitize all of their approximately $300 million of unsecured notes, eliminating a significant portion of their prepetition debt, and convert the revolving loans into an exit facility. Importantly, the Plan contemplates that allowed general unsecured claims will remain unimpaired and be paid in full or "ride through" the Chapter 11 Cases.

6.      Additional information about the Debtors, including their business operations, their capital structure and prepetition indebtedness, and the events leading to the filing of the Chapter 11 Cases, is set forth in detail in the First Day Declaration, which is incorporated herein by reference.

**RELIEF REQUESTED**

7.      By this Motion, pursuant to sections 105(a), 363(b), 506(a), 507(a)(8) and 541 of the Bankruptcy Code, and Bankruptcy Rules 6003 and 6004, the debtors request entry of an interim order and final order authorizing the Debtors, in their sole discretion, to pay, in their sole discretion, any tax and fee obligations, whether asserted prior to, on or after the Petition Date, including any obligations subsequently determined upon audit or otherwise to be owed for periods prior to the Petition Date, and including, without limitation, property, severance, withholding, franchise, sales, use, excise, and income taxes, as well as certain other business, environmental, governmental, and regulatory fees and assessments (collectively, the "**Taxes and Fees**")[2] owing to various federal, state and local governmental entities, including taxing and licensing authorities (collectively, the "**Governmental Authorities**").

---

[2]     The Debtors incur various taxes related to their employees and are separately required to withhold certain amounts from each employee's paycheck on account of things such as social security and FICA.  Such payroll, withholding and other employee-related tax obligations are separately addressed in the *Motion of Debtors for Entry of Interim and Final Orders (i) Authorizing the Debtors to (a) Pay Prepetition Workforce Obligations,*

8.       A non-exclusive list of Governmental Authorities (the "**Governmental Authorities List**") is attached hereto as **Exhibit C**.  Although the Debtors believe that the Governmental Authorities List is substantially complete, and the Debtors have exercised their reasonable best efforts, the Debtors request the relief be made applicable to all Governmental Authorities and not solely to those Governmental Authorities listed on the Governmental Authorities List.

9.       For the avoidance of doubt, the requested authorization would be without prejudice to the Debtors' rights to contest the amounts of any Taxes and Fees on any grounds they deem appropriate and extend to the payment of Taxes and Fees relating to tax audits that have been completed, are in progress or arise from prepetition periods.

10.      In addition, the Debtors request that the Court authorize all banks and financial institutions to receive, process, honor, pay, and, if necessary, reissue all prepetition and postpetition checks, including prepetition checks and electronic payment and transfer requests that the Debtors reissue or re-request postpetition, drawn on the bank accounts used by the Debtors to satisfy their obligations in connection with the Taxes and Fees approved herein, upon receipt by each bank or financial institution of notice of such authorization, provided that sufficient funds are on deposit in the applicable accounts to cover such payments.  The Debtors additionally request that the Court authorize them to issue new postpetition checks to replace any checks that may nevertheless be dishonored and to reimburse any expenses that holders of claims in connection with the Taxes and Fees may incur as a result of any bank's failure to honor a prepetition check.

---

*(b) Continue Workforce Programs and Pay Related Administrative Obligations, (c) Pay Withholding and Payroll Related Taxes, (ii) Authorizing Financial Institutions to Honor and Process Related Checks and Fund Transfers, and (iii) Granting Related Relief*, which is contemporaneously filed herewith.

11.     As set forth below, the Taxes and Fees at issue are appropriate for payment to the extent that they are priority or secured claims that are payable in full or, alternatively, under the personal liability theory or the doctrine of necessity.  By paying the Taxes and Fees in the ordinary course of business, as and when due, the Debtors will avoid unnecessary disputes with the Governmental Authorities—and expenditures of time and money resulting from such disputes—over myriad issues that are typically raised by the Governmental Authorities as they attempt to enforce their rights to collect Taxes and Fees.

## DEBTORS' TAX OBLIGATIONS

12.     Prior to the Petition Date, the Debtors incurred obligations to federal, state and local governments.  Although as of the Petition Date, the Debtors were substantially current in the payment of assessed and undisputed Taxes and Fees, certain Taxes and Fees attributable to the prepetition period may not yet have become due.  Certain prepetition Taxes and Fees may not be due until the applicable monthly, quarterly, semi-annual or annual payment dates—in some cases immediately and in others not until next year.  In 2019, the Debtors paid approximately $4,454,000 on account of Taxes and Fees.  As of the Petition Date, the Debtors estimate that they have accrued liabilities, which are not yet due, in the approximate amount of $1,060,000 on account of Taxes and Fees.  The Debtors' estimated Taxes and Fees are summarized below:

| Category | Description | Interim Amount | Final Amount (Inclusive of Interim Amount) |
|---|---|---|---|
| Property Taxes | Taxes and obligations related to real and personal property holdings | $0 | $220,000 |
| Severance Taxes | Taxes on account of severing natural resources, such as oil and gas, from the land | $450,000 | $450,000 |

| | | | |
|---|---|---|---|
| Royalty Withholding Taxes | Taxes required on account of mineral royalty payments to third parties | $45,000 | $220,000 |
| Franchise Taxes | Taxes required to conduct business in the ordinary course | $45,000 | $160,000 |
| Sales, Use, and Excise Taxes | Taxes related to the sale and use of certain goods and services | $0 | $0 |
| Income Taxes | Taxes on net income for corporate income | $0 | $0 |
| Regulatory Fees and Other Miscellaneous Taxes | Fees related to business, administrative, environmental, and regulatory assessments | $10,000 | $10,000 |
| **Total** | | **$ 550,000** | **$1,060,000** |

## A.     Property Taxes

13.     The Debtors incur various state and local property taxes against the Debtors' real and personal property (collectively, the "**Property Taxes**").  The Debtors are generally required to pay Property Taxes on an annual basis to avoid the imposition and/or enforcement of statutory liens on their real or personal property.  In 2019, the Debtors paid approximately $365,000 on account of Property Taxes.

14.     As of the Petition Date, the Debtors estimate that the amount of accrued but unpaid Property Taxes is approximately $220,000,[3] none of which will become due and owing within the interim period of these Chapter 11 Cases.

## B.     Severance Taxes

15.     The Debtors are also required to pay taxes imposed in connection with the removal of nonrenewable resources such as crude oil and natural gas (collectively, the

---

[3]     The Debtors are estimated to pay a lower amount of Property Taxes in 2020 as compared to 2019 due to the sale of certain of the Debtors' properties.

"**Severance Taxes**").  Severance Taxes are calculated as a percentage of either the value or volume of oil and gas produced, or some combination thereof, depending upon the jurisdiction. The failure to pay the Severance Taxes when due could result in penalties, liens to secure payment of outstanding Severance Taxes, and disruption of the Debtors' operations.  The Debtors pay Severance Taxes on a monthly basis.  In 2019, the Debtors paid approximately $2,480,000 on account of Severance Taxes.

16.     In certain circumstances, the Debtors may be entitled to a refund of the portion of the Severance Taxes upon review and approval of the applicable taxing authority for certain qualifying producing wells, including, but not limited to, horizontally drilled wells, enhanced oil recovery projects, high-cost gas wells, and economically at-risk wells.  If the Debtors receive a refund on the portion of the Severance Taxes, to the extent the Debtors serve as an operator for certain oil and gas leases, the Debtors will remit the *pro rata* share of the refund to the royalty interest owners and working interest owners of the oil and gas lease.

17.     As of the Petition Date, the Debtors estimate that the amount of accrued but unpaid Severance Taxes is approximately $450,000, of which approximately $450,000 will become due and owing within the interim period of these Chapter 11 Cases.

C.     **Royalty Withholding Taxes**

18.     In the ordinary course of business, the Debtors pay mineral royalty payments to third parties.  Certain Governmental Authorities require the Debtors to withhold and remit taxes on account of such mineral royalty payments (collectively, "**Royalty Withholding Taxes**").  The Royalty Withholding Taxes are a form of income tax, and are paid to the Internal Revenue Service, the applicable taxing authority, or both.  In 2019, the Debtors paid approximately $1,250,000 on account of Royalty Withholding Taxes.

19.     As of the Petition Date, the Debtors estimate that the amount of accrued but unpaid Royalty Withholding Taxes is approximately $220,000, of which approximately $45,000 will become due and owing within the interim period of these Chapter 11 Cases.

**D.     Franchise Taxes**

20.     The Debtors incur various state franchise taxes (the "**Franchise Taxes**"). The Debtors are required to pay Franchise Taxes in order to remain in good standing and continue conducting their businesses pursuant to applicable state and local laws.  In 2019, the Debtors paid approximately $310,000 on account of Franchise Taxes.

21.     As of the Petition Date, the Debtors estimate that the amount of accrued but unpaid Franchise Taxes is approximately $160,000, of which approximately $45,000 will become due and owing within the interim period of these Chapter 11 Cases.

**E.     Sales, Use, and Excise Taxes**

22.     The Debtors collect or incur various state and local taxes in connection with the Debtors' drilling and exploration services and the Debtors' sale of oil and natural gas (collectively, "**Sales, Use, and Excise Taxes**").  Sales, Use, and Excise Taxes are essentially general consumption taxes charged at the point of purchase for certain goods and services, which are usually set up by the applicable Governmental Authority as a percentage of the price of the good or service purchased, and may also be charged for certain activities such as highway transportation.  Additionally, the Debtors purchase a variety of equipment, materials, and supplies necessary for the operation of their business from vendors who may not operate in the state where the property is to be delivered and, therefore, do not charge the Debtors sales tax in connection with such purchases.  In these cases, applicable law generally requires the Debtors to subsequently pay use taxes on such purchases.  The Debtors are required to pay Sales, Use, and

Excise Taxes on a monthly or quarterly basis, as applicable.  In 2019, the Debtors paid approximately $32,000 on account of Sales, Use, and Excise Taxes.

23.     As of the Petition Date, the Debtors estimate that the amount of accrued but unpaid Sales, Use, and Excise Taxes is approximately $0, none of which will become due and owing within the interim period of these Chapter 11 Cases.

**F.     Income Taxes**

24.     The Debtors incur various corporate income taxes on their taxable net income (collectively, "**Income Taxes**").  Income Taxes are generally calculated as a percentage of net or gross income, as applicable.  The Debtors are required to pay Income Taxes on an annual basis in order to remain in good standing and continue conducting their businesses pursuant to applicable federal, state, and local laws.  State Income Taxes are generally calculated as a percentage of net income, but certain states assess a minimum amount of Income Taxes for doing business in that state regardless of net income.  In 2019, the Debtors did not pay any amount on account of Income Taxes due to net losses from operations.

25.     As of the Petition Date, the Debtors estimate that the amount of accrued but unpaid Income Taxes is approximately $0, none of which will become due and owing within the interim period of these Chapter 11 Cases.

**G.     Regulatory Fees and Other Miscellaneous Taxes**

26.     The Debtors incur, in the ordinary course of business, certain regulatory fees and assessments, permitting fees, licensing fees, levies, and other miscellaneous taxes related to business, administrative, and environmental rules and regulations (the "**Regulatory Fees and Other Miscellaneous Taxes**").  The Debtors remit these fees to the relevant Governmental Authorities on a timely basis as required by the relevant Governmental

RLF1 23875609v.1

Authorities.  In 2019, the Debtors paid approximately $17,000 on account of Regulatory Fees and other Miscellaneous Taxes.

27.    As of the Petition Date, the Debtors estimate that the amount of accrued but unpaid Regulatory Fees and other Miscellaneous Taxes is approximately $10,000, of which approximately $10,000 will become due and owing within the interim period of these Chapter 11 Cases.

## APPLICABLE AUTHORITY

**A.    Certain of the Taxes and Fees May Be Secured or Priority Claims Entitled to Special Treatment Under the Bankruptcy Code.**

28.    Claims for certain Taxes and Fees are either secured by statutory liens or entitled to priority status.  To the extent that the Taxes and Fees are priority claims pursuant to section 507(a)(8) of the Bankruptcy Code or secured claims pursuant to section 506(a) of the Bankruptcy Code, their payment should be authorized on the basis that (a) they are required to be paid in full as a condition to satisfying the plan confirmation requirements contained in section 1129 of the Bankruptcy Code or (b) they would be entitled to payment before any prepetition non-priority unsecured claim.

29.    If the Taxes and Fees are deemed priority claims, section 1129(a)(9)(C) of the Bankruptcy Code requires that they be paid no less favorably than through regular installment payments, over a period not exceeding five (5) years after the Petition Date, of a total value as of the effective date of the plan equal to the allowed amount of each such claim.  *See* 11 U.S.C. § 1129(a)(9)(C).

30.    If the Taxes and Fees are deemed secured claims that would (but for such secured status) fall under the rubric of section 507(a)(8) of the Bankruptcy Code, then section 1129(a)(9)(D) of the Bankruptcy Code requires that they be paid no less favorably than through

regular installment payments, over a period not exceeding five years after the Petition Date, of a total value as of the effective date of the plan equal to the allowed amount of each such claim. *See* 11 U.S.C. § 1129(a)(9)(D) (referring back to 11 U.S.C. § 1129(a)(9)(C)).  Otherwise, section 1129(b)(2)(A) of the Bankruptcy Code requires that they be satisfied through deferred cash payments totaling at least the allowed amount of each such claim, of a value, as of the effective date of the plan, equal to the value of the collateral securing the claim, with a continuation of the liens against the collateral; or if the collateral is to be sold, that the lien securing the claim attach to the proceeds of sale; or that the holder realize the indubitable equivalent of the claim.  *See* 11 U.S.C. § 1129(b)(2)(A); *see also Federal Home Loan Mortgage Corp. v. Bugg (In re Bugg)*, 172 B.R. 781, 785 (E.D. Pa. 1994) ("The 'fair and equitable' standard requires that a secured claim holder retain its lien and receive deferred cash payments totaling [sic] at least the allowed amount of the claimant's secured claim and a present value equal to the value of its collateral.").

31.     Because of the likelihood that the vast majority of the Taxes and Fees constitute either priority claims under section 507(a)(8) of the Bankruptcy Code or secured claims under section 506(a) of the Bankruptcy Code, the Debtors' payment of the Taxes and Fees now, in all likelihood, will affect only the timing of the payments and not the amounts to be received by the Governmental Authorities.  Moreover, by paying legitimate tax claims now, the Debtors will avoid any unnecessary fees, interest or penalties that might otherwise be asserted. Other creditors and parties in interest, therefore, will not be prejudiced if the relief sought herein is granted by this Court.

**B.     Payment of the Taxes and Fees as Provided Herein Is a Sound Exercise of the Debtors' Business Judgment.**

32.     This Court may also authorize the Debtors to pay Taxes and Fees under section 363(b) of the Bankruptcy Code, which provides that "[t]he trustee, after notice and a

hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1).  Courts have indicated that the use of property of the estate outside of the ordinary course of business is proper where the debtor in possession has articulated "some business justification, other than the mere appeasement of major creditors." *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989); *see also Institutional Creditors of Cont'l Airlines, Inc. v. Cont'l Airlines, Inc. (In re Cont'l Airlines, Inc.)*, 780 F.2d 1223, 1226 (5th Cir. 1986) (holding that section 363(b) of the Bankruptcy Code requires that "there must be some articulated business justification for using, selling or leasing the property outside the ordinary course of business"); *Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1071 (2d Cir. 1983) ("[A] judge determining a § 363(b) application [must] expressly find . . . a good business reason to grant such an application."); *Dai-Ichi Kangyo Bank, Ltd. v. Montgomery Ward Holding Corp. (In re Montgomery Ward Holding Corp.)*, 242 B.R. 147 (D. Del. 1999) ("In determining whether to authorize the use, sale or lease of property of the estate under [Section 363], courts require the debtor to show that a sound business purposes justified such actions.").

33.     The relief requested herein easily satisfies the foregoing standards. Failure to pay the Taxes and Fees to the Governmental Authorities in full and on time, thereby risking the cessation of normal relations between the Governmental Authorities and the Debtors, will make these estates worse off than they will be having paid the Taxes and Fees.  It is in the best interests of the Debtors' estates that the Taxes and Fees be paid on time so as to avoid administrative difficulties.  Failure to timely pay, or a precautionary withholding by the Debtors of payment of, the Taxes and Fees may cause the Governmental Authorities to take precipitous action, including an increase in audits, a flurry of lien filings and significant administrative

12

maneuvering at the expense of the Debtors' time and resources.  Prompt and regular payment of the Taxes and Fees will avoid this unnecessary governmental action.

34.     Additionally, many federal, state, and local statutes also impose personal liability on officers and directors of companies for nonpayment of certain types of taxes.  It is in the best interests of the Debtors' estates and consistent with the principles of the Bankruptcy Code to eliminate the possibility that officers and directors will become subject to lawsuits or proceedings for any unpaid Taxes and Fees that would distract them from devoting their full attention to the Debtors' business and orderly administration of these Chapter 11 Cases.

35.     Alternatively, authorization to pay the Taxes and Fees is appropriate under the "doctrine of necessity," which is grounded in section 105(a) of the Bankruptcy Code. Section 105(a) provides that the Court "may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).  The purpose of this section is to grant bankruptcy courts the authority to take actions necessary to exercise their power under the Bankruptcy Code.

36.     The doctrine of necessity is a well-settled doctrine that permits a bankruptcy court to authorize payment of certain prepetition claims prior to the completion of the reorganization process where the payment of such claims is necessary to the reorganization.  *See In re Just for Feet, Inc.*, 242 B.R. 821, 826 (D. Del. 1999) (stating that where the debtor "cannot survive" absent payment of certain prepetition claims, the doctrine of necessity should be invoked to permit payment of key inventory suppliers' prepetition claims when such suppliers could destroy debtor's business by refusing to deliver new inventory on eve of debtor's key sales season);[4] *see also In re Columbia Gas Sys., Inc.*, 171 B.R. 189, 191-92 (Bankr. D. Del. 1994)

---

[4]     The Court's power to utilize the doctrine of necessity in chapter 11 cases derives from the Court's inherent equity powers and its statutory authority to "issue any order, process or judgment that is necessary or

13

(reiterating court's own statement in a prior ruling that "[i]n the Third Circuit the law is clear that to justify payment of one class of pre-petition creditors in advance of a confirmed plan, the debtor must show that payment is essential to the continued operation of the business."); *In re Sharon Steel Corp.*, 159 B.R. 730, 736 (Bankr. W.D. Pa. 1993) ("The Third Circuit has adopted the 'necessity of payment' doctrine."); *In re NVR L.P.*, 147 B.R. 126, 127 (Bankr. E.D. Va. 1992) ("[T]he court can permit pre-plan payment of a pre-petition obligation when essential to the continued operation of the debtor.").

C.     **Certain of the Taxes and Fees May Not Be Property of the Debtors' Estates.**

37.     Certain of the Taxes and Fees may constitute so-called "trust fund" taxes, which are required to be collected from third parties and held in trust for payment to the Governmental Units.  Such taxes are not considered property of the estates under section 541(d) of the Bankruptcy Code.  *See Begier v. IRS*, 496 U.S. 53, 63-67 (1990) (trust fund taxes are not property of estate); *see also City of Farrell v. Sharon Steel Corp.*, 41 F.3d 92, 96 (3d Cir. 1994) (withheld taxes were subject to a trust); *Official Comm. of Unsecured Creditors of the Columbia Gas Transmission Corp. v. Columbia Gas Sys. Inc. (In re Columbia Gas Sys. Inc.)*, 997 F.2d 1039, 1061-62 (3d Cir. 1993) (refunds required to be collected by federal law created trust fund that was not property of the debtor's estate); *Shank v. Wash. State Dep't of Revenue, Excise Tax Div. (In re Shank)*, 792 F.2d 829, 830 (9th Cir. 1986) (sales tax required by state law to be collected by sellers from their customers is "trust fund" tax); *DeChiaro v. N.Y. State Tax*

---

appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).  The United States Supreme Court first articulated the doctrine of necessity over a century ago, in *Miltenberger v. Logansport Ry. Co.*, 106 U.S. 286 (1882), in affirming the authorization by the lower court of the use of receivership funds to pay pre-receivership debts owed to employees, vendors and suppliers, among others, when such payments were necessary to preserve the receivership property and the integrity of the business in receivership.  *See id.* at 309-14.  The modern application of the doctrine of necessity is largely unchanged from the Court's reasoning in *Miltenberger*.  *See In re Lehigh & New Eng. Ry. Co.*, 657 F.2d 570, 581-82 (3d Cir. 1981) ("[I]n order to justify payment under the 'necessity of payment' rule, a real and immediate threat must exist that failure to pay will place the continued operation of the [debtor] in serious jeopardy.").

*Comm'n*, 760 F.2d 432, 433-34 (2d Cir. 1985) (same); *In re Al Copeland Enters., Inc.*, 133 B.R. 837, 841-42 (Bankr. W.D. Tex. 1991) (debtor obligated to pay Texas sales taxes plus interest because such taxes were "trust fund" taxes), *aff'd*, 991 F.2d 233 (5th Cir. 1993). The Debtors, therefore, arguably have no equitable interest in the Taxes and Fees that are trust fund taxes and are obligated to pay over the collected amounts.

38.      In these Chapter 11 Cases, the Debtors' focus is on addressing their operational and financial issues in a manner that will maximize recoveries. In this context, the payment of the Taxes and Fees is insignificant and will have no meaningful effect on the recoveries of creditors in the Chapter 11 Cases, particularly in view of the priority or secured status of a significant portion of such obligations. Moreover, the payment amount will likely be offset in no small part by the amount of postpetition resources that the Debtors will conserve by obviating the need to spend time and money to address disputes with the Governmental Authorities that are unnecessary and wasteful of the resources of the Debtors and this Court.

39.      In fact, numerous courts in this jurisdiction have granted relief similar to that requested herein. *See, e.g., In re Vivus, Inc.*, Case No. 20-11779 (LSS) (Bankr. D. Del. July 10, 2020); *In re Pyxus International, Inc.*, Case No. 20-11570 (LSS) (Bankr. D. Del. June 16, 2020); *In re Longview Power, LLC*, Case No. 20-10951 (BLS) (Bankr. D. Del. May 18, 2020); *In re Boy Scouts of Am. & Del. BSA, LLC*, Case No. 20-10343 (LSS) (Bankr. D. Del. Apr. 8, 2020); *In re Cosi, Inc.*, Case No. 20-10417 (BLS) (Bankr. D. Del. Mar. 17, 2020); *In re RentPath Holdings, Inc.*, Case No. 20-10312 (BLS) (Bankr. D. Del. Mar. 10, 2020); *In re Bumble Bee Parent, Inc.*, Case No. 19-12502 (LSS) (Bankr. D. Del. Dec. 19, 2019); *In re Pernix Sleep, Inc.*, Case No. 19-10323 (CSS) (Bankr. D. Del. Feb. 21, 2019); *In re TerraVia Holdings, Inc.*, Case No. 17-11655 (CCS) (Bankr. D. Del. Aug. 3, 2017); *In re Bonanza Creek Energy, Inc*., Case No.

15

17-10015 (KJC) (Bankr. D. Del. Jan. 5, 2017).    The Debtors submit that the present circumstances warrant similar relief in the Chapter 11 Cases.

## APPLICABLE FINANCIAL INSTITUTIONS SHOULD BE AUTHORIZED TO HONOR AND PROCESS RELATED CHECKS AND TRANSFERS

40.    The Debtors also request that all applicable financial institutions be authorized to (a) receive, process, honor, and pay all checks presented for payment of, and to honor all fund transfer requests made by the Debtors related to, the claims that the Debtors request authority to pay in this Motion, regardless of whether the checks were presented or fund transfer requests were submitted before, on, or after the Petition Date and (b) rely on the Debtors' designation of any particular check as approved by the Proposed Orders.

## BANKRUPTCY RULE 6003 HAS BEEN SATISFIED AND BANKRUPTCY RULE 6004 SHOULD BE WAIVED

41.    Pursuant to Bankruptcy Rule 6003, the Court may grant relief regarding a motion to pay all or part of a prepetition claim within twenty-one days after the Petition Date if the relief is necessary to avoid immediate and irreparable harm.  *See* Fed. R. Bankr. P. 6003(b). Based on the foregoing, the Debtors submit that they have satisfied the requirements of Bankruptcy Rule 6003(b) because the relief set forth in **Exhibit A** is necessary to avoid immediate and irreparable harm.

42.    To the extent that any aspect of the relief sought herein constitutes a use of property under section 363(b) of the Bankruptcy Code, the Debtors request a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the fourteen day stay under Bankruptcy Rule 6004(h).  As described above, the relief that the Debtors request in this Motion is immediately necessary in order for the Debtors to be able to continue to operate their businesses and preserve the value of their estates.  The Debtors respectfully request that the Court waive the notice requirements imposed by Bankruptcy Rule 6004(a) and the fourteen day stay imposed by

16

Bankruptcy Rule 6004(h), as the exigent nature of the relief sought herein justifies immediate relief.

## RESERVATION OF RIGHTS

43.    Nothing contained herein is intended or should be construed as, or deemed to constitute (a) an admission as to the amount, basis for, or validity of any agreement or claim against the Debtors under the Bankruptcy Code or applicable nonbankruptcy law; (b) a waiver or impairment of the Debtors' or any other party in interest's right to dispute any claim; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of the type specified or defined in this Motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or applicable law.  If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

## NOTICE

44.    Notice of this Motion will be given to: (a) the Office of the United States Trustee for the District of Delaware; (b) the administrative agent for the Debtors' prepetition revolving credit facility; (c) counsel to the administrative agent for the Debtors' prepetition revolving credit facility; (d) the indenture trustee under the Debtors' 8.750% senior notes due 2023; (e) Stroock & Stroock & Lavan LLP and Young, Conaway, Stargatt & Taylor, LLP, as

17

counsel to the ad hoc group of holders of the 8.750% senior notes due 2023; (f) the Internal Revenue Service; (g) the Environmental Protection Agency and similar state environmental agencies for states in which the Debtors conduct business; (h) the United States Attorney for the District of Delaware; (i) the Attorneys General for the states of Oklahoma and Texas; (j) counsel to Naylor Farms, Inc. and Harrel's LLC, as lead plaintiffs in the action captioned *Naylor Farms, Inc., individually and as class representative on behalf of all similarly situated persons v. Chaparral Energy, L.L.C.*, Case No. 11-00634 (W.D. Ok. 2011); (k) the parties included on the Debtors' consolidated list of twenty (20) largest unsecured creditors; (l) applicable financial institutions; (m) the Governmental Authorities; and (n) any party that is entitled to notice pursuant to Local Rule 9013-1(m) (collectively, the "**Notice Parties**").  The Debtors submit that, under the circumstances, no other or further notice is required.

18

WHEREFORE, the Debtors respectfully request that the Court enter the Interim

Order and the Final Order, substantially in the forms attached hereto as **Exhibit A** and **Exhibit**

**B**, respectively, granting the relief requested in the Motion and such other and further relief as

may be just and proper.

Dated: August 16, 2020
      Wilmington, Delaware

*/s/ John H. Knight*
John H. Knight (No. 3848)
Amanda R. Steele (No. 5530)
Brendan J. Schlauch (No. 6115)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: 302-651-7700
Fax: 302-651-7701
Email: knight@rlf.com
      steele@rlf.com
      schlauch@rlf.com

- and -

Damian S. Schaible (*pro hac vice* pending)
Angela M. Libby (*pro hac vice* pending)
Jacob S. Weiner (*pro hac vice* pending)
Paavani Garg (*pro hac vice* pending)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: 212-450-4000
Fax: 212-701-5800
Email: damian.schaible@davispolk.com
      angela.libby@davispolk.com
      jacob.weiner@davispolk.com
      paavani.garg@davispolk.com

*Proposed Counsel for Debtors and*
*Debtors in Possession*

**<u>EXHIBIT A</u>**

**Proposed Interim Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CHAPARRAL ENERGY, INC., *et al.*,[1] | ) | Case No. 20-_____ (___) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## INTERIM ORDER UNDER 11 U.S.C. §§ 105(a), 363(b), 506(a), 507(a)(8) AND 541 AND FED. R. BANKR. P. 6003 (I) AUTHORIZING THE PAYMENT OF CERTAIN TAXES AND FEES AND (II) GRANTING RELATED RELIEF

Upon the motion (the "**Motion**")[2] of Chaparral Energy, Inc. and its subsidiaries that are debtors and debtors in possession (collectively, the "**Debtors**") in the Chapter 11 Cases for entry of an Interim Order and Final Order, pursuant to sections 105(a), 363(b), 506(a), 507(a)(8) and 541 of the Bankruptcy Code, and Bankruptcy Rules 6003 and 6004, authorizing the Debtors, in their sole discretion, to pay any Taxes and Fees owing to the Governmental Authorities; and the Court having jurisdiction to consider the matters raised in the Motion pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and the Court having authority to hear the matters raised in the Motion pursuant to 28 U.S.C. § 157; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and consideration of the Motion and the requested relief being a core proceeding that the Court can determine pursuant to 28 U.S.C.

---

[1]   The Debtors in these cases, along with the last four digits (or five digits, in cases in which multiple Debtors have the same last four digits) of each Debtor's federal tax identification number, are: CEI Acquisition, L.L.C. (1817); CEI Pipeline, L.L.C. (6877); Chaparral Biofuels, L.L.C. (1066); Chaparral CO2, L.L.C. (1656); Chaparral Energy, Inc. (90941); Chaparral Energy, L.L.C. (20941); Chaparral Exploration, L.L.C. (1968); Chaparral Real Estate, L.L.C. (1655); Chaparral Resources, L.L.C. (1710); Charles Energy, L.L.C. (3750); Chestnut Energy, L.L.C. (9730); Green Country Supply, Inc. (2723); Roadrunner Drilling, L.L.C. (2399); and Trabajo Energy, L.L.C. (9753).  The Debtors' address is 701 Cedar Lake Boulevard, Oklahoma City, OK 73114.

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

§ 157(b)(2); and due and proper notice of the Motion and opportunity for a hearing on the Motion having been given to the Notice Parties, under the circumstances, and it appearing that no other or further notice need be provided; and the Court having reviewed and considered the Motion and the First Day Declaration; and the Court having held a hearing on the Motion (the "**Hearing**"); and the Court having found that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and the Court having determined that the relief requested in the Motion being in the best interests of the Debtors, their creditors, their estates, and all other parties in interest; and the Court having determined that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates as contemplated by Bankruptcy Rule 6003; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1.      The Motion is GRANTED on an interim basis as set forth herein.

2.      The final hearing to consider the relief requested in the Motion shall be held on _____, 2020 at __:____ _.m. prevailing Eastern Time.  Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Eastern Time, on _____, 2020.  In the event no objections to entry of the Final Order on the Motion are timely received, this Court may enter such Final Order without need for the final hearing.

3.      The Debtors are authorized, but not directed, in their sole discretion, to pay, in the ordinary course of their businesses, all Taxes and Fees to the Governmental Authorities (including those Governmental Authorities listed on **Exhibit C** to the Motion),

RLF1 23875609v.1

whether arising before, on or after the Petition Date; *provided* that prior to entry of the Final Order, any payments of the Taxes and Fees shall not exceed the following:

| Category | Interim Amount |
|---|---|
| Severance Taxes | $450,000 |
| Royalty Withholding Taxes | $45,000 |
| Franchise Taxes | $45,000 |
| Regulatory Fees and Other Miscellaneous Taxes | $10,000 |

4.     Nothing in the Motion or this Interim Order shall be construed as impairing the Debtors' right to contest the validity or amount of any Taxes and Fees allegedly due or owing to any Governmental Authorities or priority or any claim or lien against the Debtors, and all Debtors' rights with respect thereto are hereby reserved.

5.     All applicable banks and other financial institutions are hereby authorized to receive, process, honor, and pay any and all checks, drafts, wires, check transfer requests, or automated clearing house transfers evidencing amounts paid by the Debtors under this Interim Order whether presented prior to, on, or after the Petition Date.  Such banks and financial institutions are authorized to rely on the representations of the Debtors as to which checks are issued or authorized to be paid pursuant to this Interim Order without any duty of further inquiry and without liability for following the Debtors' instructions.

6.     Nothing in this Interim Order or any action taken by the Debtors in furtherance of the implementation hereof shall be deemed to constitute an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code, and all of the Debtors' rights with respect to such matters are expressly reserved.

7.     Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall (a) create, nor is it intended to create, any rights in favor of, or

3

enhance the status of any claim held by, any person or entity or (b) be deemed to convert the priority of any claim from a prepetition claim into an administrative expense claim.

8.     Nothing in this Interim Order nor the Debtors' payment of claims pursuant to this Interim Order shall be construed as or deemed to constitute (a) an agreement or admission by the Debtors as to the validity of any claim against the Debtors on any ground, (b) a grant of third party beneficiary status or bestowal of any additional rights on any third party, (c) a waiver or impairment of any rights, claims or defenses of the Debtors' rights to dispute any claim on any grounds, (d) a promise by the Debtors to pay any claim, or (e) an implication or admission by the Debtors that such claim is payable pursuant to this Interim Order.

9.     The requirements of Bankruptcy Rules 6003 and 6004(a) are satisfied by the contents of the Motion.

10.     Any Bankruptcy Rule (including, but not limited to, Bankruptcy Rule 6004(h)) or Local Rule that might otherwise delay the effectiveness of this Interim Order is hereby waived, and the terms and conditions of this Interim Order shall be effective and enforceable immediately upon its entry.

11.     The Debtors are authorized to take all such actions as are necessary or appropriate to implement the terms of this Interim Order.

12.     The Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

RLF1 23875609v.1

**<u>EXHIBIT B</u>**

**Proposed Final Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CHAPARRAL ENERGY, INC., *et al.*,[1] | ) | Case No. 20-_____ (___) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

### FINAL ORDER UNDER 11 U.S.C. §§ 105(a), 363(b), 506(a), 507(a)(8) AND 541 AND FED. R. BANKR. P. 6003 (I) AUTHORIZING THE PAYMENT OF CERTAIN TAXES AND FEES AND (II) GRANTING RELATED RELIEF

Upon the motion (the "**Motion**")[2] of Chaparral Energy, Inc. and its subsidiaries that are debtors and debtors in possession (collectively, the "**Debtors**") in the Chapter 11 Cases for entry of an Interim Order and Final Order, pursuant to sections 105(a), 363(b), 506(a), 507(a)(8) and 541 of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004, authorizing the Debtors, in their sole discretion, to pay any Taxes and Fees owing to the Governmental Authorities; and the Court having jurisdiction to consider the matters raised in the Motion pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and the Court having authority to hear the matters raised in the Motion pursuant to 28 U.S.C. § 157; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and consideration of the Motion and the requested relief being a core proceeding that the Court can determine pursuant to 28 U.S.C.

---

[1]    The Debtors in these cases, along with the last four digits (or five digits, in cases in which multiple Debtors have the same last four digits) of each Debtor's federal tax identification number, are: CEI Acquisition, L.L.C. (1817); CEI Pipeline, L.L.C. (6877); Chaparral Biofuels, L.L.C. (1066); Chaparral CO2, L.L.C. (1656); Chaparral Energy, Inc. (90941); Chaparral Energy, L.L.C. (20941); Chaparral Exploration, L.L.C. (1968); Chaparral Real Estate, L.L.C. (1655); Chaparral Resources, L.L.C. (1710); Charles Energy, L.L.C. (3750); Chestnut Energy, L.L.C. (9730); Green Country Supply, Inc. (2723); Roadrunner Drilling, L.L.C. (2399); and Trabajo Energy, L.L.C. (9753).  The Debtors' address is 701 Cedar Lake Boulevard, Oklahoma City, OK 73114.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

§ 157(b)(2); and due and proper notice of the Motion and opportunity for a hearing on the Motion having been given to the Notice Parties, and it appearing that no other or further notice need be provided; and the Court having reviewed and considered the Motion and the First Day Declaration; and the Court having granted interim relief on the Motion on [•], 2020 (D.I. [•]); and the Court having held, if necessary, a final hearing on the Motion (the "**Hearing**"); and the Court having found that the legal and factual bases set forth in the Motion and at the Hearing, if any, establish just cause for the relief granted herein; and the Court having determined that the relief requested in the Motion being in the best interests of the Debtors, their creditors, their estates, and all other parties in interest; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1.      The Motion is GRANTED, as set forth herein.

2.      The Debtors are authorized, but not directed, in their sole discretion, to pay, in the ordinary course of their businesses, all Taxes and Fees to the Governmental Authorities (including those Governmental Authorities listed on **Exhibit C** to the Motion), whether arising before, on or after the Petition Date.

3.      Nothing in the Motion or this Final Order shall be construed as impairing the Debtors' right to contest the validity or amount of any Taxes and Fees allegedly due or owing to any Governmental Authorities or priority or any claim or lien against the Debtors, and all Debtors' rights with respect thereto are hereby reserved.

4.      All applicable banks and other financial institutions are hereby authorized to receive, process, honor, and pay any and all checks, drafts, wires, check transfer requests, or automated clearing house transfers evidencing amounts paid by the Debtors under this Final

2

Order whether presented prior to, on, or after the Petition Date.  Such banks and financial institutions are authorized to rely on the representations of the Debtors as to which checks are issued or authorized to be paid pursuant to this Final Order without any duty of further inquiry and without liability for following the Debtors' instructions.

5.      Nothing in this Final Order or any action taken by the Debtors in furtherance of the implementation hereof shall be deemed to constitute an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code, and all of the Debtors' rights with respect to such matters are expressly reserved.

6.      Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall (a) create, nor is it intended to create, any rights in favor of, or enhance the status of any claim held by, any person or entity or (b) be deemed to convert the priority of any claim from a prepetition claim into an administrative expense claim.

7.      Nothing in this Final Order nor the Debtors' payment of claims pursuant to this Final Order shall be construed as or deemed to constitute (a) an agreement or admission by the Debtors as to the validity of any claim against the Debtors on any ground, (b) a grant of third party beneficiary status or bestowal of any additional rights on any third party, (c) a waiver or impairment of any rights, claims or defenses of the Debtors' rights to dispute any claim on any grounds, (d) a promise by the Debtors to pay any claim, or (e) an implication or admission by the Debtors that such claim is payable pursuant to this Final Order.

8.      The requirements of Bankruptcy Rule 6004(a) are satisfied by the contents of the Motion.

9.      Any Bankruptcy Rule (including, but not limited to, Bankruptcy Rule 6004(h)) or Local Rule that might otherwise delay the effectiveness of this Final Order is hereby

3

waived, and the terms and conditions of this Final Order shall be effective and enforceable immediately upon its entry.

10.     The Debtors are authorized to take all such actions as are necessary or appropriate to implement the terms of this Final Order.

11.     Notice of the Motion has been provided in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and no other or further notice of the Motion or the entry of this Final Order shall be required.

12.     The Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

**EXHIBIT C**

**Governmental Authorities List**

| GOVERNMENTAL AUTHORITY NAME | FEDERAL/ STATE/ COUNTY | DESCRIPTION | ADDRESS |
|---|---|---|---|
| Alabama Department of Revenue | State | Franchise | P.O. Box 327320 Montgomery, AL 36132-7950 |
| Alabama Department of Revenue | State | Income | P.O. Box 327320 Montgomery, AL 36132-7950 |
| Alabama Department of Revenue | State | Franchise Annual Filing Fees | 600 Dexter Ave-S-105 Montgomery, AL 36130 |
| Alfalfa County Treasurer | County | Property Tax | 300 S. Grand Cherokee, OK 73728 |
| Aransas County Tax A/C | County | Property Tax | 319 N Church Street Rockport, TX 78382 |
| Arkansas Secretary of State | State | Franchise Annual Filing Fees | Business Services Division-State Capitol Building Little Rock, AR 72201-1094 |
| Avenu Holdings LLC | County | Property Tax | P.O. Box 841262 Dallas, TX 75284-1262 |
| Beaver County Treasurer | County | Property Tax | P.O. Box 249 Beaver, OK 73932 |
| Blaine County Treasurer | County | Property Tax | P.O. Box 140 Watonga, OK 73772 |
| Caddo County Treasurer | County | Property Tax | P.O. Box 278 Anadarko, OK 73005-0278 |
| Canadian County Treasurer | County | Property Tax | 201 North Choctaw El Reno, OK 73036 |
| Canadian ISD | County | Property Tax | 800 Hillside Canadian, TX 79014 |
| Carter County Treasurer | County | Property Tax | 25 A Street NW Ardmore, OK 73401 |

| GOVERNMENTAL AUTHORITY NAME | FEDERAL/ STATE/ COUNTY | DESCRIPTION | ADDRESS |
|---|---|---|---|
| Cheyenne & Arapaho Tax Commission | State | Severance | P.O. Box 68<br>100 Redmoon Circle<br>Concho, OK 73022 |
| Commissioner of the Land Office | State | Royalty Withholding | P.O. Box 26910<br>Oklahoma City, OK 73126 |
| Cooke County Appraisal District Tax A/C | County | Property Tax | 201 N Dixon Street<br>Gainesville, TX 76240 |
| Culberson County Appraisal District | County | Property Tax | P.O. Box 550<br>Van Horn, TX 79855 |
| Custer County Treasurer | County | Property Tax | P.O. Box 200<br>Arapaho, OK 73620-0200 |
| Cypress-Fairbanks ISD Tax A/C | County | Property Tax | P.O. Box 203908<br>Houston, TX 77216-3908 |
| Delaware Secretary of State | State | Franchise | P.O. Box 5509<br>Binghamton, NY 13902-5509 |
| Ellis County Treasurer | County | Property Tax | P.O. Box 176<br>Arnett, OK 73832 |
| Fort Elliott CISD | County | Property Tax | P.O. Box 138<br>Briscoe, TX 79011 |
| Galena Park ISD Tax A/C | County | Property Tax | 14705 Woodforest Blvd<br>Houston, TX 77015 |
| Galveston County Tax A/C | County | Property Tax | 722 Moody<br>Galveston, TX 77550 |
| Garfield County Treasurer | County | Property Tax | P.O. Box 489<br>Enid, OK 73702-0489 |
| Garvin County Treasurer | County | Property Tax | 201 W Grant, Room 9<br>Pauls Valley, OK 73075 |
| Grady County Treasurer | County | Property Tax | P.O. Box 280<br>Chickasha, OK 73023-0280 |
| Grant County Treasurer | County | Property Tax | 112 E Guthrie Room 105<br>Medford, OK 73759 |
| Hansford County Tax Assessor | County | Property Tax | 14 Northwest Court<br>Spearman, TX 79081 |
| Harris County Tax A/C | County | Property Tax | P.O. Box 4622<br>Houston, TX 77210-4622 |
| Hemphill County Tax A/C | County | Property Tax | P.O. Box 959<br>Canadian, TX 79014 |
| Hockley County Tax Office | County | Property Tax | 624 Avenue H, Ste 101<br>Levelland, TX 79336 |

2

| GOVERNMENTAL AUTHORITY NAME | FEDERAL/ STATE/ COUNTY | DESCRIPTION | ADDRESS |
|---|---|---|---|
| Hudspeth Appraisal District | County | Property Tax | P.O. Box 429<br>Sierra Blanca, TX 79851 |
| Hughes County Treasurer | County | Property Tax | 200 N. Broadway, Ste 6<br>Holdenville, OK 74848 |
| Hutchinson County Treasurer | County | Property Tax | P.O. Box 989<br>Stinnett, TX 79083-0989 |
| IRS Center | Federal | Royalty Withholding | P.O. Box 660443<br>Dallas, TX 75266-0443 |
| IRS Department of Treasury | Federal | Other | Cincinnati, OH 45999-0150 |
| Kansas Board of Tax Appeals | State | Property Tax | Eisenhower State Office Building<br>700 SW Harrison Ste 1022<br>Topeka, KS 66603 |
| Kansas Department of Revenue | State | Sales | 915 SW Harrison Street<br>Topeka, KS 66625-5000 |
| Kansas Secretary of State | State | Franchise Annual Filing Fees | 120 SW 10th Ave<br>Topeka, KS 66612-1594 |
| Kay County Treasurer | County | Property Tax | 201 S Main – Courthouse<br>Newkirk, OK 74647 |
| Kingfisher County Treasurer | County | Property Tax | P.O. Box 148<br>Kingfisher, OK 73750-0148 |
| Lafayette Parish Tax Collector | County | Property Tax | P.O. Box 52667<br>New Orleans, LA 70505 |
| Latimer County Treasurer | County | Property Tax | 109 N. Central Rm 109<br>Wilburton, OK 74578 |
| Liscomb County Tax A/C | County | Property Tax | P.O. Box 129<br>Liscomb, TX 79056 |
| Louisiana Secretary of State | State | Franchise Annual Filing Fees | 8585 Archives Ave.<br>Baton Rouge, LA 70809 |
| Matagorda County Tax A/C | County | Property Tax | 1700 Seventh St., Room 203<br>Bay City, TX 77414-5091 |
| Midland CAD Tax A/C | County | Property Tax | P.O. Box 908002<br>Midland, TX 79708-0002 |
| Mississippi Secretary of State | State | Franchise Annual Filing Fees | P.O. Box 136<br>Jackson, MS 39205 |
| Mississippi State Tax Commissioner | State | Franchise Income | PO BOX 23192<br>Jackson, MS 39225-3192 |
| Mississippi State Tax Commissioner | State | Income | PO BOX 23192<br>Jackson, MS 39225-3192 |

3

| GOVERNMENTAL AUTHORITY NAME | FEDERAL/ STATE/ COUNTY | DESCRIPTION | ADDRESS |
|---|---|---|---|
| Montague County Tax Assessor-Collector | County | Property Tax | P.O. Box 8 Montague, TX 76251 |
| Montana Department of Revenue | State | Franchise | P.O. Box 8021 Helena, MT 59604-8021 |
| Montana Secretary of State | State | Franchise Annual Filing Fees | P.O. Box 202802 Helena, MT 59620-2802 |
| Montgomery County Treasurer | County | Property Tax | P.O. Box 767 Independence, KS 67301 |
| Morton County Treasurer | County | Property Tax | P.O. Box 998 Elkhart, KS 67950 |
| New Mexico Secretary of State | State | Franchise Annual Filing Fees | 325 Don Gaspar Ave, #300 Santa Fe, NM 87501 |
| New Mexico Tax and Revenue Department | State | Franchise | P.O. Box 25127 Santa Fe, NM 87504-5127 |
| Noble County Treasurer | County | Property Tax | 300 Courthouse Dr, #7 Perry, OK 73077 |
| North Dakota Secretary of State | State | Franchise Annual Filing Fees | 600 E Boulevard Ave, Dept 108 Bismarck, ND 58505 |
| Nueces County Tax A/C | County | Property Tax | P.O. Box 2810 Corpus Christi, TX 78403-2810 |
| Ochiltree CAD Tax A/C | County | Property Tax | 825 South Main, Ste 100 Perryton, TX 79070 |
| Office of Natural Resources Revenue (ONRR) | Federal | Other | P.O. Box 5810 Denver, CO 80217-5810 |
| Okfuskee CAD Tax A/C | County | Property Tax | P.O. Box 308 Okemah, OK 74859 |
| Oklahoma Corporation Commission | State | Other | P.O. Box 52000 Oklahoma City, OK 73152-2000 |
| Oklahoma Corporation Commission | State | Other | 2101 N Lincoln Blvd Oklahoma City, OK 73105 |
| Oklahoma County Treasurer | County | Property Tax | P.O. Box 268875 Oklahoma City, OK 73126-8875 |
| Oklahoma Secretary of State | State | Franchise Annual Filing Fees | 2300 N. Lincoln, Ste 101 Oklahoma City, OK 73105-4897 |

4

| GOVERNMENTAL AUTHORITY NAME | FEDERAL/ STATE/ COUNTY | DESCRIPTION | ADDRESS |
|---|---|---|---|
| Oklahoma Tax Commission | State | Severance | P. O. BOX 53423 Oklahoma City, OK 73152 |
| Oklahoma Tax Commission | State | Franchise | PO BOX 26920 Oklahoma City, OK 73126 |
| Oklahoma Tax Commission | State | Sales | PO BOX 26850 Oklahoma City, OK 73126-0850 |
| Oklahoma Tax Commission | State | Severance | PO BOX 26740 Oklahoma City, OK 73126-0740 |
| Oklahoma Tax Commission | State | Royalty Withholding | PO BOX 26860 Oklahoma City, OK 73126-0860 |
| Osage County Treasurer | County | Property Tax | P.O. Box 1569 Pawhuska, OK 74056 |
| Palacios ISD Tax A/C | County | Property Tax | 1209 12th Street Palacios, TX 77465-3799 |
| Payne County Treasurer | County | Property Tax | 315 West 6th Ave, Ste 101 Stillwater, OK 74074 |
| Pottawatomie County Treasurer | County | Property Tax | 325 N. Broadway, Ste 203 Shawnee, OK  74801 |
| Railroad Commission of Texas | State | Other | P.O. Box 12967 Austin, TX 78711-2967 |
| Roberts County Appraisal District | County | Property Tax | Roberts County Tax A/C County – Courthouse – P.O. Box 458 Miami, TX 79059-0458 |
| Roger Mills County Treasurer | County | Property Tax | P.O. Box 340 Cheyenne, OK 73628 |
| Sheldon ISD | County | Property Tax | 11411 CE King Pkwy, Ste A Houston, TX 77044-7192 |
| State of Delaware | State | Franchise | 401 Federal Street, Ste 4 Dover, DE 19901 |
| Stephens County Treasurer | County | Property Tax | 101 South 11th Room 207 Duncan, OK 73533 |
| Texas Comptroller of Public Accounts | State | Income | P.O. Box 13528 Austin, TX 78711-3528 |
| Texas Comptroller of Public Accounts | State | Sales | 111 E 7th Street Austin, TX 78774-0100 |

5

| GOVERNMENTAL AUTHORITY NAME | FEDERAL/ STATE/ COUNTY | DESCRIPTION | ADDRESS |
|---|---|---|---|
| Texas County Treasurer | County | Property Tax | P.O. Box 509 Guymon, OK 73942-0509 |
| Texas Secretary of State | State | Franchise Annual Filing Fees | P.O. Box 13697 Austin, TX 7811-3697 |
| Victoria County Tax A/C | County | Property Tax | P.O. Box 2569 Victoria, TX 77902 |
| Wheeler County Tax Office | County | Property Tax | P.O. Box 1060 Wheeler, TX 79096 |
| Woods County Treasurer | County | Property Tax | P.O. Box 7 Alva, OK 73717 |
| Woodward County Treasurer | County | Property Tax | 1600 Main St., Ste 10 Woodward, OK 73801 |
| Wyoming Secretary of State | State | Franchise Annual Filing Fees | 200 West 24th Street Cheyenne, WY 82002-0020 |
| IRS | Federal | Bankruptcy | Centralized Insolvency Operations P.O. Box 7346 Philadelphia, PA 19101-7346 |
| State of Alabama | State | Bankruptcy | Department of Revenue Legal Division ATTN: Commissioner P.O. Box 320001 Montgomery, AL 36132-0001 |
| State of Arkansas | State | Bankruptcy | Department of Finance and Administration Office of Revenue Legal Counsel PO Box 1272, Suite 2380 Little Rock, AR 72203-1272 |
| Delaware Division of Revenue/Bankruptcy Service | State | Bankruptcy | Attn: Bankruptcy Administrator Carvel State Building 820 N. French Street, 8th Floor Wilmington, DE 19801 |
| State of Kansas | State | Bankruptcy | Department of Revenue Civil Tax Enforcement PO Box 12005 Topeka, KS 66601 |

RLF1 23875609v.1

| GOVERNMENTAL AUTHORITY NAME | FEDERAL/ STATE/ COUNTY | DESCRIPTION | ADDRESS |
|---|---|---|---|
| Louisiana Department of Revenue | State | Bankruptcy | Bankruptcy Division<br>P. O. Box 66658<br>Baton Rouge, LA 70896 |
| Mississippi State Tax Commission | State | Bankruptcy | Bankruptcy Section<br>P.O. Box 22808<br>Jackson, MS 39225-2808 |
| Montana Department of Revenue | State | Bankruptcy | ATTN: Marci Gohn, Bankruptcy Unit<br>PO Box 1712<br>Helena, MT 59604 |
| State of New Mexico | State | Bankruptcy | Attorney General of New Mexico<br>Attn:  Bankruptcy Section<br>201 Third Street NW, Suite 300<br>Albuquerque, NM 87102 |
| New Mexico Taxation & Revenue Department | State | Bankruptcy | Bankruptcy Section<br>PO Box 8575<br>Albuquerque, NM 87198-8575 |
| Secretary, New Mexico Taxation & Revenue Department | State | Bankruptcy | PO Box 630<br>Santa Fe, NM 87504-0630 |
| State of North Dakota | State | Bankruptcy | Office of State Tax Commissioner<br>Department 127<br>600 East Boulevard Ave.<br>Bismark, ND 58505-0599 |
| Oklahoma Tax Commission | State | Bankruptcy | Office of the General Counsel, Bankruptcy Section<br>120 N. Robinson, Ste. 2000W<br>Oklahoma City, OK 73102 |
| Oklahoma Tax Commission | State | Bankruptcy | General Counsel's Office<br>100 N. Broadway Ave., Ste. 1500<br>Oklahoma City, OK 73102 |

7

| GOVERNMENTAL AUTHORITY NAME | FEDERAL/ STATE/ COUNTY | DESCRIPTION | ADDRESS |
|---|---|---|---|
| Texas Comptroller of Public Accounts | State | Bankruptcy | Texas Comptroller of Public Accounts Revenue Accounting Division - Bankruptcy Section P.O. Box 13528 Capitol Station Austin, TX 78711-3528 |
| State of Wyoming | State | Bankruptcy | Department of Revenue Bankruptcy Unit 122 W. 25th Street Cheyenne, WY 82002-0110 |
| Office of State Treasurer | State | Unclaimed Property | 100 North Union Street, Suite 636 Montgomery, AL 36104 |
| Arkansas Unclaimed Property Division | State | Unclaimed Property | 1401 West Capitol Avenue, Suite 325 Little Rock, AR 72201 |
| Arizona Department of Revenue | State | Unclaimed Property | 1600 W Monroe Phoenix, AZ 85007-2650 |
| California State Controller | State | Unclaimed Property | 10600 White Rock Road, Suite 141 Rancho Cordova, CA 95670 |
| Office of the State Treasurer | State | Unclaimed Property | 1580 Logan Street, Ste. 500 Denver CO 80203 |
| Office of the Chief Financial Officer | State | Unclaimed Property | 1101 4th St SW, Ste. 800 W Washington, DC 20024 |
| Department of Revenue | State | Unclaimed Property | 1800 Century Boulevard NE Atlanta, GA 30345 |
| State of Hawaii | State | Unclaimed Property | P.O. Box 150 Honolulu, HI 96810 |
| Treasurer of State | State | Unclaimed Property | PO Box 10430 Des Moines, IA 50306-0430 |
| Idaho State Treasurer's Office | State | Unclaimed Property | P.O. Box 83720 Boise, ID 83720-9101 |
| Office of the Indiana Attorney General | State | Unclaimed Property | PO Box 2504 Greenwood, IN 46142 |

8

| GOVERNMENTAL AUTHORITY NAME | FEDERAL/ STATE/ COUNTY | DESCRIPTION | ADDRESS |
|---|---|---|---|
| Kansas State Treasurer | State | Unclaimed Property | 900 SW Jackson, Ste 201 Topeka, KS 66612 |
| Louisiana Unclaimed Property | State | Unclaimed Property | 1051 N. 3rd Street, Room 150 Baton Rouge, LA 70821-9010 |
| Massachusetts State Treasurer | State | Unclaimed Property | 1 Ashburton Place, 12th Floor Boston, MA 02108 |
| Comptroller of Maryland | State | Unclaimed Property | 60 West Street, Ste 102 Annapolis, MD 21401 |
| Office of the State Treasurer | State | Unclaimed Property | 111 Sewall Street Augusta, ME 04333-0039 |
| Minnesota Department of Commerce | State | Unclaimed Property | 85 7th Place East, Suite 280 Saint Paul, MN 55101 |
| Missouri State Treasurer's Office | State | Unclaimed Property | P.O. Box 210 Jefferson City, MO 65102 |
| Office of the Mississippi State Treasurer | State | Unclaimed Property | P.O. Box 138 Jackson, MS 39205 |
| Montana Department of Revenue | State | Unclaimed Property | PO Box 5805 Helena, MT 59604-6308 |
| NC Department of State Treasurer | State | Unclaimed Property | P.O. Box 20431 Raleigh, NC 27619-0431 |
| Nebraska State Treasurer | State | Unclaimed Property | 809 P St. Lincoln, NE 68508-1390 |
| Department of Treasury | State | Unclaimed Property | P.O. Box 214 Trenton, NJ 08625-0214 |
| New Mexico Taxation & Revenue | State | Unclaimed Property | 1100 South St. Francis Drive Santa Fe, NM 87504 |
| Nevada Unclaimed Property | State | Unclaimed Property | 555 E. Washington Ave, Suite 5200 Las Vegas, NV 89101 |
| Ohio Department of Commerce | State | Unclaimed Property | 77 South High Street, 20th Floor Columbus, OH 43215-6133 |
| Oklahoma State Treasurer | State | Unclaimed Property | 9520 N. May Ave., Lower Level Oklahoma City, OK 73120 |

| GOVERNMENTAL AUTHORITY NAME | FEDERAL/ STATE/ COUNTY | DESCRIPTION | ADDRESS |
|---|---|---|---|
| Oregon Unclaimed Property | State | Unclaimed Property | 775 Summer St. NE, Suite 100 Salem, OR 97301 |
| Office of the Rhode Island General Treasurer | State | Unclaimed Property | 50 Service Ave Warwick, RI 02886 |
| State Treasurer of South Carolina | State | Unclaimed Property | 1200 Senate Street, Suite 214 Columbia, SC 29201 |
| South Dakota State Treasurer - UCP | State | Unclaimed Property | 124 E Dakota Ave Pierre, SD 57501 |
| Tennessee Department of Treasury | State | Unclaimed Property | P.O. Box 190693 Nashville, TN 37219-0693 |
| Virginia Department of Treasury | State | Unclaimed Property | PO Box 2485 Richmond, VA 23218-2485 |
| Washington State Treasurer | State | Unclaimed Property | PO Box 40200 Olympia, WA 98504-0200 |
| State of Wisconsin Department of Revenue | State | Unclaimed Property | P.O. Box 8982 Madison, WI 53708-8982 |
| Office of the West Virginia State Treasurer | State | Unclaimed Property | 1900 Kanawha Boulevard East Charleston, WV 25305 |
| Administrator of Unclaimed Property | State | Unclaimed Property | 122 West 25th St., Suite E300 Cheyenne, WY 82002 |
| Office of the Treasurer | State | Unclaimed Property | 55 Elm Street Hartford, CT 6106 |
| Florida's Department of Financial Services | State | Unclaimed Property | 200 E Gaines Street Tallahassee, FL 32399 |
| Illinois State Treasurer | State | Unclaimed Property | 219 State House Springfield, IL 62706 |
| Michigan Department of Treasury | State | Unclaimed Property | PO Box 30756 Lansing, MI 48909 |
| Office of the State Comptroller | State | Unclaimed Property | 110 State Street Albany, NY 12236 |
| Pennsylvania Treasury | State | Unclaimed Property | 1101 South Front Street Harrisburg, PA 17104-2516 |
| Texas Unclaimed Property | State | Unclaimed Property | 111 E. 17th St Austin, TX 78711 |
| State of Vermont Office of the State Treasurer | State | Unclaimed Property | 109 State Street Montpelier, VT 05609 |

10