## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CHAPARRAL ENERGY, INC., *et al.*, | ) Case No. 20-11947 (MFW) |
| | ) |
| Debtors.[1] | ) (Jointly Administered) |
| | ) |
| | ) **Re: Docket No. 11** |
| | ) |

### INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO PAY (A) ROYALTY PAYMENTS, (B) WORKING INTEREST DISBURSEMENTS, (C) NON-ROYALTY LEASE PAYMENTS, (D) OPERATING EXPENSES, AND (E) JOINT INTEREST BILLINGS, (II) AUTHORIZING FINANCIAL INSTITUTIONS TO HONOR AND PROCESS RELATED CHECKS AND FUND TRANSFERS, AND (III) GRANTING RELATED RELIEF

Upon the motion (the "**Motion**")[2] of Chaparral Energy, Inc. and its subsidiaries that are debtors and debtors in possession (collectively, the "**Debtors**") in the Chapter 11 Cases for entry of an interim order, pursuant to sections 105(a), 363(b), 541, 1107(a), and 1108 of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004 (a) authorizing the Debtors to pay in the ordinary course of business, whether such obligations were incurred prepetition or will be incurred postpetition, (i) Royalty Payments, (ii) Working Interest Disbursements, (iii) Non-Royalty Lease Payments, (iv) Operating Expenses, and (v) Joint Interest Billings, (b) authorizing and directing all banks to receive, process, honor, and pay all of the Debtors' prepetition checks and fund transfers on account of any obligations authorized to be paid pursuant hereto, and (c) granting

---

[1]    The Debtors in these cases, along with the last four digits (or five digits, in cases in which multiple Debtors have the same last four digits) of each Debtor's federal tax identification number, are: CEI Acquisition, L.L.C. (1817); CEI Pipeline, L.L.C. (6877); Chaparral Biofuels, L.L.C. (1066); Chaparral CO2, L.L.C. (1656); Chaparral Energy, Inc. (90941); Chaparral Energy, L.L.C. (20941); Chaparral Exploration, L.L.C. (1968); Chaparral Real Estate, L.L.C. (1655); Chaparral Resources, L.L.C. (1710); Charles Energy, L.L.C. (3750); Chestnut Energy, L.L.C. (9730); Green Country Supply, Inc. (2723); Roadrunner Drilling, L.L.C. (2399); and Trabajo Energy, L.L.C. (9753). The Debtors' address is 701 Cedar Lake Boulevard, Oklahoma City, Oklahoma 73114.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

related relief; and the Court having jurisdiction to consider the matters raised in the Motion

pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States*

*District Court for the District of Delaware*, dated February 29, 2012; and the Court having

authority to hear the matters raised in the Motion pursuant to 28 U.S.C. § 157; and venue being

proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and consideration of the Motion

and the requested relief being a core proceeding that the Court can determine pursuant to 28 U.S.C.

§ 157(b)(2); and due and proper notice of the Motion and opportunity for a hearing on the Motion

having been given to the Notice Parties, under the circumstances; and it appearing that no other or

further notice need be provided; and the Court having reviewed and considered the Motion and

the First Day Declaration; and the Court having held a hearing on the Motion (the "**Hearing**");

and the Court having found that the legal and factual bases set forth in the Motion and at the

Hearing establish just cause for the relief granted herein; and the Court having determined that the

relief requested in the Motion being in the best interests of the Debtors, their creditors, their estates,

and all other parties in interest; and the Court having determined that the relief requested in the

Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates as

contemplated by Bankruptcy Rule 6003; and upon all of the proceedings had before the Court; and

after due deliberation and sufficient cause appearing therefor, it is hereby

                    **ORDERED, ADJUDGED, AND DECREED THAT:**

        1.        The Motion is GRANTED on an interim basis as set forth herein.

        2.        The final hearing to consider the relief requested in the Motion shall be held

on September 14, 2020, at 2:00 p.m. prevailing Eastern Time.  Any objections or responses to

entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Eastern Time,

on September 8, 2020.  In the event no objections to entry of the Final Order on the Motion are timely received, this Court may enter such Final Order without need for the final hearing.

3.    The Debtors are authorized, but not directed, in their sole discretion to pay the Royalty Interest Owners, in the ordinary course of business, the Royalty Payments, and to take and apply such setoff rights as the Debtors are entitled to take against such Royalty Payments prior to paying such amounts; *provided* that payments on account of prepetition Royalty Payments shall not exceed $9,192,000 pursuant to this Interim Order.

4.    The Debtors are authorized, but not directed, in their sole discretion to make Working Interest Disbursements to Non-Operating Working Interest Owners in accordance with such parties' respective interests in the Oil and Gas Leases covered by Joint Operating Agreements, and to take and apply such setoff rights as the Debtors are entitled to take against such Working Interest Disbursements prior to paying such amounts; *provided* that payments on account of prepetition Working Interest Disbursements shall not exceed $3,575,000 pursuant to this Interim Order.

5.    The Debtors are authorized, but not directed, in their sole discretion to make Non-Royalty Lease Payments, on behalf of each holder of a Non-Operating Working Interest in accordance with such parties' respective interests in the Oil and Gas Leases covered by Joint Operating Agreements and to take and apply such setoff rights as the Debtors are entitled to take against such Non-Royalty Lease Payments prior to paying such amounts; *provided* that payments on account of prepetition Non-Royalty Lease Payments shall not exceed $1,000 pursuant to this Interim Order.

6.    The Debtors are authorized, but not directed, in their sole discretion to pay prepetition Operating Expenses in the ordinary course of business; *provided* that payments on

3

account of prepetition Operating Expenses shall not exceed $5,042,000 pursuant to this Interim Order.

7.      The Debtors are authorized, but not directed, in their sole discretion to pay prepetition Joint Interest Billings in the ordinary course of business; *provided* that payments on account of prepetition Joint Interest Billings shall not exceed $2,807,000 pursuant to this Interim Order.

8.      The Debtors are authorized, but not directed, in their sole discretion to pay undisputed obligations owed to Non-Operating Working Interest Owners in respect of prepaid Operating Expenses against JIB Statements or in cash as required by the Joint Operating Agreements *provided* that payment on account of prepaid Operating Expenses against JIB Statements or in cash shall not exceed $33,000 pursuant to this Interim Order.

9.      If any party accepts payment from the Debtors on account of the relief granted under this Interim Order, and the Debtors' interests in such payment are determined by the Court after notice and a hearing to constitute property of the Debtors' estates, the Debtors are authorized to seek at such hearing to avoid such payment as a postpetition transfer under section 549 of the Bankruptcy Code.

10.      The Debtors are authorized, but not directed, in their sole discretion to issue new postpetition checks to replace any checks that may nevertheless be dishonored and to reimburse any expenses that holders of claims in connection with Royalty Payments, Working Interest Disbursements, Non-Royalty Lease Payments, Operating Expenses, or Joint Interest Billings may incur as a result of any bank's failure to honor a prepetition check.

11.      All applicable banks and other financial institutions are hereby authorized to receive, process, honor, and pay any and all checks, drafts, wires, check transfer requests, or

4

automated clearing house transfers evidencing amounts paid by the Debtors under this Interim Order whether presented prior to, on, or after the Petition Date.  Such banks and financial institutions are authorized to rely on the representations of the Debtors as to which checks are issued or authorized to be paid pursuant to this Interim Order without any duty of further inquiry and without liability for following the Debtors' instructions.

12.    Nothing in this Interim Order or any action taken by the Debtors in furtherance of the implementation hereof shall be deemed to constitute an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code, and all of the Debtors' rights with respect to such matters are expressly reserved.

13.    Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall (a) create, nor is it intended to create, any rights in favor of, or enhance the status of any claim held by, any person or entity or (b) be deemed to convert the priority of any claim from a prepetition claim into an administrative expense claim.

14.    Nothing in this Interim Order nor the Debtors' payment of claims pursuant to this Interim Order shall be construed as or deemed to constitute (a) an agreement or admission by the Debtors as to the validity of any claim against the Debtors on any ground; (b) a grant of third-party beneficiary status or bestowal of any additional rights on any third party; (c) a waiver or impairment of any rights, claims or defenses of the Debtors' rights to dispute any claim on any grounds; (d) a promise by the Debtors to pay any claim; (e) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates, or (f) an implication or admission by the Debtors that such claim is payable pursuant to this Interim Order.

RLF1 23880326v.1

15.     The requirements of Bankruptcy Rules 6003 and 6004(a) are satisfied by the contents of the Motion.

16.     Any Bankruptcy Rule (including, but not limited to, Bankruptcy Rule 6004(h)) or Local Rule that might otherwise delay the effectiveness of this Interim Order is hereby waived, and the terms and conditions of this Interim Order shall be effective and enforceable immediately upon its entry.

17.     The Debtors are authorized to take all such actions as are necessary or appropriate to implement the terms of this Interim Order.

The Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

Dated: August 18th, 2020
Wilmington, Delaware

**MARY F. WALRATH**
**UNITED STATES BANKRUPTCY JUDGE**

RLF1 23880326v.1