## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CHAPARRAL ENERGY, INC., *et al.*,[1] | Case No. 20-11947 (MFW) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket No. 10** |

## INTERIM ORDER ESTABLISHING NOTIFICATION PROCEDURES AND APPROVING RESTRICTIONS ON CERTAIN TRANSFERS OF INTERESTS IN THE DEBTORS' ESTATES

Upon the motion (the "**Motion**")[2] of Chaparral Energy, Inc. and its subsidiaries that are debtors and debtors in possession (collectively, the "**Debtors**") in the Chapter 11 Cases for entry of an Interim Order and Final Order, pursuant to sections 105(a) and 362 of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004, enforcing the automatic stay by implementing procedures intended to protect the Debtors' estates against possible loss of tax assets that could flow from inadvertent stay violations, as more fully described in the Motion; and the Court having jurisdiction to consider the matters raised in the Motion pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and the Court having authority to hear the matters raised in the Motion pursuant to 28 U.S.C. § 157; and venue being proper before this Court pursuant to 28

---

[1]  The Debtors in these cases, along with the last four digits (or five digits, in cases in which multiple Debtors have the same last four digits) of each Debtor's federal tax identification number, are: CEI Acquisition, L.L.C. (1817); CEI Pipeline, L.L.C. (6877); Chaparral Biofuels, L.L.C. (1066); Chaparral CO2, L.L.C. (1656); Chaparral Energy, Inc. (90941); Chaparral Energy, L.L.C. (20941); Chaparral Exploration, L.L.C. (1968); Chaparral Real Estate, L.L.C. (1655); Chaparral Resources, L.L.C. (1710); Charles Energy, L.L.C. (3750); Chestnut Energy, L.L.C. (9730); Green Country Supply, Inc. (2723); Roadrunner Drilling, L.L.C. (2399); and Trabajo Energy, L.L.C. (9753).  The Debtors' address is 701 Cedar Lake Boulevard, Oklahoma City, OK 73114.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

U.S.C. §§ 1408 and 1409; and consideration of the Motion and the requested relief being a core proceeding that the Court can determine pursuant to 28 U.S.C. § 157(b)(2); and due and proper notice of the Motion and opportunity for a hearing on the Motion having been given to the parties listed therein, under the circumstances, and it appearing that no other or further notice need be provided; and the Court having reviewed and considered the Motion and the First Day Declaration; and the Court having held a hearing on the Motion (the "**Hearing**"); and the Court having found that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and the Court having determined that the relief requested in the Motion in the best interests of the Debtors, their creditors, their estates, and all other parties in interest; and the Court having determined that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates as contemplated by Bankruptcy Rule 6003; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1.      The Motion is GRANTED on an interim basis, as set forth herein.

2.      The final hearing to consider the relief requested in the Motion shall be held on September 14, 2020, at 2:00 p.m. prevailing Eastern Time.  Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Eastern Time, on September 8, 2020.  In the event no objections to entry of the Final Order on the Motion are timely received, this Court may enter such Final Order without need for the final hearing.

3.      Effective as of the Petition Date, the following procedures and restrictions are imposed and approved:

RLF1 23880312v.1

(a)  Notice of Substantial Equityholder Status.  Any Person who is or becomes a Tax Owner of at least 2,270,032 shares, which represent approximately 4.75% of the issued and outstanding Stock as of the Petition Date (a "**Substantial Equityholder**"), must, on or before the later of (i) fifteen days after service of a notice substantially in the form attached to the Motion as **Exhibit C** or (ii) ten days after that Person becomes a Substantial Equityholder, serve on the Debtors, the Debtors' counsel, and counsel to the administrative agent under the Debtors' proposed exit facility, a notice (the "**Substantial Equityholder Notice**") containing the Tax Ownership information substantially in the form of **Exhibit D** attached to the Motion.

(b)  Restrictions and Procedures for Trading in Stock.  Any Person that, after the Petition Date,

(i)     is not a Substantial Equityholder and wishes to purchase or otherwise acquire Tax Ownership of an amount of Stock that would cause the Person to become a Substantial Equityholder,

(ii)     is a Substantial Equityholder and wishes to purchase or otherwise acquire Tax Ownership of any additional Stock, or

(iii)     is a Substantial Equityholder and wishes to sell or otherwise dispose of Tax Ownership of any Stock,

must, prior to the consummation of any such transaction, file with the Court (at the Person's election, in a redacted form that does not include the aggregate principal amount of Stock that such Person beneficially owns), and serve on the Debtors, the Debtors' counsel, and counsel to the administrative agent under the Debtors' proposed exit facility, an unredacted notice in the form attached to the Motion as **Exhibit E**, in the case of a

RLF1 23880312v.1

proposed acquisition of Stock, or **Exhibit F**, in the case of a proposed disposition of Stock (either such notice, a "**Proposed Stock Transaction Notice**").  The Debtors shall have five business days after a Proposed Stock Transaction Notice is received by the Debtors (provided that if a Proposed Stock Transaction Notice is received by the Debtors on a day that is not a business day, the receipt shall be deemed to have occurred on the first business day following the day on which the Proposed Stock Transaction Notice is received) (the "**Objection Period**") to file with the Court an objection to any proposed transaction described in such Proposed Stock Transaction Notice (an "**Objection**").  If the Debtors file an Objection by the expiration of the Objection Period (including any Objection requiring further information and/or extension of the Objection Period), then the applicable proposed transaction shall not be effective unless approved by a final and nonappealable order of the Court (or if after receipt of further information or additional evaluation, the Debtors provide written authorization approving the proposed transaction). If the Debtors do not file an Objection by the expiration of the Objection Period or if the Debtors provide written authorization approving the proposed transaction within the Objection Period, then such proposed transaction may proceed solely as specifically described in the applicable Proposed Stock Transaction Notice.  Further transactions within the scope of this Section (b) must be the subject of additional notices as set forth herein with additional waiting periods.

(c)     Confidentiality.  The Debtors, the Debtors' counsel, and counsel to the administrative agent under the Debtors' proposed exit facility, shall keep all information provided in all notices delivered pursuant to this Interim Order or Final Order, as applicable, strictly confidential and shall not disclose the contents thereof to any person (including any

lender), except (i) to the extent necessary to respond to a petition or objection to the Motion filed with the Court or to file an Objection, (ii) to the extent otherwise required by law, or (iii) to the extent that the information contained therein is already public; *provided*, *however*, that the Debtors may disclose the contents thereof to their professional financial and tax advisers, who shall keep all such notices strictly confidential and shall not disclose the contents thereof to any other person, subject to further Court order.  To the extent that confidential information is necessary to respond to a petition or objection to the Motion filed with the Court or in connection with filing an Objection, the Debtors shall file with the Court a motion requesting such confidential information be filed under seal or in redacted form.

(d) <u>Sanctions for Noncompliance</u>.  Acquisitions and dispositions of Tax Ownership of Stock in violation of the Procedures set forth in Section (b) of this Paragraph 3 shall be void *ab initio*, and the sanction for violating Section (b) of this Paragraph 3 shall be reversal of the noncompliant transaction or such other (or additional) measures as the Court may consider appropriate.

(e) <u>Discretionary Waiver by Debtors.</u>  The Debtors may, in their sole discretion, waive, in writing, any sanctions, remedies, or notification procedures imposed by this Interim Order or the Final Order, as applicable.

(f) <u>Continued Compliance with Other Applicable Laws and Rules.</u>  The requirements set forth in this Interim Order or the Final Order, as applicable, are in addition to the requirements of Bankruptcy Rule 3001(e) and applicable securities, corporate, and other laws, and do not excuse compliance therewith.

(g)    <u>Special Rules.</u>    A Person acquiring or disposing of Tax Ownership of Stock in the capacity of Agent of another Person shall not be treated as a Substantial Equityholder solely to the extent acting in the capacity of Agent, and shall not have an affirmative duty to inquire whether the account, customer, investment fund, principal, trust, or beneficiary is subject to any restrictions or requirements under this Interim Order or the Final Order, as applicable; *provided*, *however*, that the account, customer, investment fund, principal, trust, or beneficiary shall not be excluded from this Interim Order or the Final Order, as applicable, by reason of this Section (g).

(h)    <u>Definitions.</u>

For purposes of this Interim Order:

"**Agent**" means a broker, account manager, agent, custodian, nominee, prime broker, clearinghouse, or trustee (but not including a trustee qualified under section 401(a) of the I.R.C.).

"**Bankruptcy Code**" has the meaning given in Paragraph 3 of the Motion.

"**Bankruptcy Rules**" has the meaning given in Paragraph 3 of the Motion.

"**Chapter 11 Cases**" has the meaning given in the preamble to the Motion.

"**Debtors**" has the meaning given in the preamble to the Motion.

"**Deferred Interest Expense**" has the meaning given in Paragraph 8 of the Motion.

"**Disclosure Statement**" means a disclosure statement filed with the Court relating to a proposed plan of reorganization for the Debtors under chapter 11.

"**Final Orde**r" means the Final Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Interests in the Debtors' Estates, in the form attached to the Motion.

"**First Day Declaration**" has the meaning given in the preamble to the Motion.

"**I.R.C**." has the meaning given in Paragraph 8 of the Motion.

"**Local Rules**" has the meaning given in Paragraph 1 of the Motion.

"**Motion**" has the meaning given in the preamble hereof.

"**NOL**" has the meaning given in Paragraph 8 of the Motion.

"**Nominee**" has the meaning given in Paragraph 6 below.

"**Ownership Change**" has the meaning given in Paragraph 10 of the Motion.

"**Person**" means a person or Entity (as such term is defined in section 1.382-3(a) of the Treasury regulations).

"**Petition Date**" has the meaning given in Paragraph 4 of the Motion.

"**Procedures**" has the meaning given in Paragraph 7 of the Motion.

"**Proposed Stock Transaction Notice**" has the meaning given in Section (b) of this Paragraph 3.

"**Proposed Orders**" has the meaning given in Paragraph 7 of the Motion.

"**section 382**" has the meaning given in Paragraph 10 of the Motion.

"**section 382(*l*)(6)**" means section 382(*l*)(6) of the I.R.C.

"**Stock**" means the common stock of Chaparral Energy, Inc.

"**Substantial Equityholder**" has the meaning given in Section (a) of this Paragraph 3.

"**Substantial Equityholder Notice**" has the meaning given in Section (a) of this Paragraph 3.

"**Tax Attribute(s)**" has the meaning given in Paragraph 8 of the Motion.

"**Tax Ownership**" means beneficial ownership of Stock as determined in accordance with the applicable rules under section 382 and, to the extent provided in those rules, shall include, but not be limited to, direct and indirect ownership (e.g., a holding company would be considered to have Tax Ownership of all shares owned or acquired by its 100% owned subsidiaries), ownership by members of a person's family and Persons acting in concert and, in certain cases, the creation or issuance of an option (in any form), but only to the extent such option is treated as exercised under Treasury Regulation section 1.382-4(d).  Any variation of the term Tax Ownership shall have the same meaning.  An "**option**" to acquire stock or claims shall include any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to

acquire stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable. "**Tax Ownership**" and "**Tax Owner**" shall have correlative meanings.

"**U.S. Trustee**" means the Office of the United States Trustee for the District of Delaware.

4.      Within five business days of the entry of this Interim Order, Debtors shall serve on (a) the U.S. Trustee, (b) each of the Debtors' twenty (20) largest unsecured creditors on a consolidated basis, (c) the United States Securities and Exchange Commission, (d) the Internal Revenue Service, (e) any identified Substantial Equityholders, and (f) counsel to the administrative agent under the Debtors' proposed exit facility, a notice substantially in the form attached to the Motion as **Exhibit C** describing the authorized trading restrictions and notification requirements.

5.      Within five business days of the entry of this Interim Order and at least once every three months during the pendency of the Chapter 11 Cases, Debtors shall also send such notice to all holders of Stock registered directly with any transfer agent.

6.      Within five business days after receipt of such notice, any holder registered directly with any transfer agent who is a broker, bank, dealer, or other agent or nominee (each a "**Nominee**") shall, in turn, provide the notice to any holder for whose account the registered holder holds Stock.  Any such holder shall, in turn, provide the notice to any Person for whom the holder holds at least 2,270,032 shares of Stock, and, in the holder's discretion, may provide the notice to additional Persons for whom the holder holds any Stock. Any Person, or Agent acting on such Person's behalf, that sells an aggregate amount of at least 2,270,032 shares of Stock (or an option with respect thereto) to another Person (other than pursuant to a transaction consummated on the New York Stock Exchange) shall provide a copy of the notice to such purchaser or to any Agent acting on such purchaser's behalf.

8

7.     The relief provided in this Interim Order is in addition to, and not in lieu of, any and all other rights and remedies available to the Debtors.

8.     Nothing in this Interim Order or any action taken by the Debtors in furtherance of the implementation hereof shall be deemed to constitute an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code, and all of the Debtors' rights with respect to such matters are expressly reserved.

9.     Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall (a) create, nor is it intended to create, any rights in favor of, or enhance the status of any claim held by, any person or entity or (b) be deemed to convert the priority of any claim from a prepetition claim into an administrative expense claim.

10.     The requirements of Bankruptcy Rules 6003 and 6004(a) are satisfied by the contents of the Motion.

11.     Any Bankruptcy Rule (including, but not limited to, Bankruptcy Rule 6004(h)) or Local Rule that might otherwise delay the effectiveness of this Interim Order is hereby waived, and the terms and conditions of this Interim Order shall be effective and enforceable immediately upon its entry.

12.     The Debtors are authorized to take all such actions as are necessary or appropriate to implement the terms of this Interim Order.

13.    The Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

Dated: August 18th, 2020
Wilmington, Delaware

**MARY F. WALRATH**
**UNITED STATES BANKRUPTCY JUDGE**

RLF1 23880312v.1