# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| CHAPARRAL ENERGY, INC., *et al.*,[1] | ) ) ) | Case No. 20- 11947 (MFW) |
| Debtors. | ) ) ) ) | (Jointly Administered) **Re: D.I. 13** |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF U.S. TRUSTEE TO JOINT MOTION FOR THE ENTRY OF (A) A PRELIMINARY APPROVAL ORDER (I) DIRECTING THE APPLICATION OF BANKRUPTCY RULE 7032, (II)PRELIMINARILY APPROVING THE SETTLEMENT, (III) APPOINTING THE SETTLEMENT ADMINISTRATOR, (IV) APPROVING FORM AND MANNER OF NOTICE TO CLASS MEMBERS, (V) CERTIFYING A CLASS, DESIGNATING A CLASS REPRESENTATIVE, AND APPOINTING CLASS COUNSEL FOR SETTLEMENT PURPOSES ONLY, (VI) SCHEDULING A SETTLEMENT FAIRNESS HEARING, AND (B) A JUDGMENT FINALLY APPROVING THE SETTLEMENT**

Andrew R. Vara, the United States Trustee for Regions 3 and 9 (the "U.S. Trustee"), by and through his undersigned counsel, hereby files his Limited Objection and Reservation of Rights ("Objection") with respect to certain of the relief requested in the Joint Motion for preliminary approval of a class action settlement ("Motion") and in support thereof states as follows:

## PRELIMINARY STATEMENT

1. Pursuant to deadlines already ordered by this Court, the settlement that is the subject of the Motion will not receive final court approval until long after Debtors' plan is confirmed and goes into effect. The proposed plan though assumes approval of the settlement

---

[1] The Debtors in these cases, along with the last four digits (or five digits, in cases in which multiple Debtors have the same last four digits) of each Debtor's federal tax identification number, are: CEI Acquisition, L.L.C. (1817); CEI Pipeline, L.L.C. (6877); Chaparral Biofuels, L.L.C. (1066); Chaparral CO2, L.L.C. (1656); Chaparral Energy, Inc. (90941); Chaparral Energy, L.L.C. (20941); Chaparral Exploration, L.L.C. (1968); Chaparral Real Estate, L.L.C. (1655); Chaparral Resources, L.L.C. (1710); Charles Energy, L.L.C. (3750); Chestnut Energy, L.L.C. (9730); Green Country Supply, Inc. (2723); Roadrunner Drilling, L.L.C. (2399); and Trabajo Energy, L.L.C. (9753). The Debtors' address is 701 Cedar Lake Boulevard, Oklahoma City, OK 73114.

and while the Motion addresses what occurs as to the underlying claims if the settlement does not receive final approval, it does not address what occurs with respect to the plan.

2.   In addition, certain aspects of the settlement and its interrelationship with payments for Class 8 interest holders under the plan are not clearly described and as such may be misunderstood by lay persons receiving the notices for which the Debtors seek Court approval. This issue extends not only to payments class members may receive, but also to the different releases they are being asked to give under the settlement agreement versus under the plan. Further, there is a lack of information upon which the Court may base preliminary fairness determinations it has been asked to make.

3.   Counsel for the U.S. Trustee has raised these issues with Debtors' counsel and understands that efforts are underway to address at least certain of these points. This limited objection has been filed as a precaution. Further, the U.S. Trustee reserves his right to raise any and all relevant plan related issues at the appropriate time.

## JURISDICTION

4.   The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

5.   Venue of the Chapter 11 Cases and related proceedings is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

6.   On August 16, 2020 (the "Petition Date"), the Debtors filed voluntary petitions in this Court commencing the Chapter 11 Cases. The Debtors continue to manage and operate their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

No trustee or examiner has been requested in the Chapter 11 Cases and no committees have yet been appointed.

7. The Debtors seek to implement a prepackaged plan of reorganization (the "2020 Plan"). Allowed general unsecured claims will remain unimpaired and be paid in full or "ride through" the Chapter 11 Cases.

8. By Order dated August 18, 220 (D.I. 87), the Court approved a confirmation schedule that includes, *inter alia*, a Voting Deadline of September 15, 2020; a Confirmation Objection Deadline of September 21, 2020; and a Confirmation Hearing date of October 1, 2020.

9. By their Motion Debtors seek preliminary approval of the settlement of a class action pending since June 7, 2011. The class members are royalty interest holders alleging underpayment of royalties. (Motion, ¶14). Certain of the Debtors previously filed chapter 11 petitions on May 9, 2016, and while the plan of reorganization went effective in those cases several years ago, the cases remain pending in this Court at Case No. 16-11144 (LSS) (the "2016 Cases"). (Motion, ¶ 2). The Class Representative filed a proof of claim in the 2016 Cases on August 15, 2016, which was later amended on February 16, 2017 (the "2016 Proof of Claim"). (Motion, ¶ 16).

10. While not alleged in the Motion, it appears that Debtors have continued making royalty payments in the ordinary course of business to the class members. In fact, on August 18, 2020 this Court entered an Interim Order authorizing Debtors to make up to $9 million in prepetition royalty payments. (D.I. 82). The issue addressed in the settlement are the additional payments royalty interest holders claim are still owing due to the manner in which Debtors have calculated the payments.

11. The settlement agreement provides for different treatment of the alleged "extra royalty amounts" based on when the claims arose. First, claims for the period of 2016 through the Effective Date of the Settlement (the date when judgments approving the settlement in the 2016 and 2020 Cases are deemed final and non-appealable) will share $2.5 million on a pro rata basis. The Motion does not address how this figure was determined, nor why it is a fair and reasonable settlement figure from the perspective of the Debtors or the class members.

12. Second, for claims related to the period between 2000 and 2016, the Debtors calculated the number of shares of stock the royalty claimants would have received under the 2016 confirmed plan. The 2020 Plan divides equity holders into Classes 8 and 9. Both classes are impaired, are not entitled to vote and are deemed to reject the Plan. (Disclosure Statement, D.I. 17, pp 25 – 29). The class members are considered to be part of Class 8, as "Full Cash-Out Equity Interests." Debtors calculate that as part of Class 8 the royalty class members will share a total of $55,353 on a pro rata basis for claims that arose during the earlier period. (Motion, ¶ 79). The basis of assumptions on which this calculation rests are not explained.

13. Debtors seek two sets of releases from the class members. In order to share in the $2.5 million, a class member must not opt out of the class and will thereby agree to the releases of the Debtors and its affiliates set forth in the settlement agreement. In order to share in the $55,353, the class members must not only not opt out of the settlement, but in order to recover as a Class 8 member under the 2020 Plan, must also agree to provide Third Party Releases as set forth in the Plan and must not object to the Plan.

14. It is respectfully submitted that the documentation Debtors propose to serve on the class members does not clearly set out these alternatives and the related decisions class members must make in terms of the scope of releases they are willing to give the Debtors and

third parties. Further, the information necessary for the Court to make the required Preliminary Fairness Evaluation has not been set forth for the Court.

## DISCUSSION

**A. Debtors have not Provided Sufficient Information for this Court's Preliminary Fairness Evaluation**

15. As described above, there are two sources of settlement funds for the class members. The $2.5 million fund treats the class member claims for the period 2016 to present in essence like general unsecured claims. Debtors do not provide information to establish the fairness of this amount.

16. The second source of funds exists only if the plan is confirmed and goes effective. The Court is asked to make a fairness evaluation which actually requires analysis of the treatment of these claims under the 2020 Plan, the voting deadline for which has not yet passed.

17. Lastly, paragraph 11 of the proposed form of order requires that the Court make a determination that the settlement agreement does not impermissibly grant preferential treatment to any claimants. However, the class representative is receiving $150,000 on top of any amounts due to the representative based on their pro rata share of the settlement funds. (Settlement Agreement, ¶1.6). While it may not be unusual for a class representative to receive compensation for their role, Debtors have not provided a basis for awarding this amount.

**B. Scope of Releases must be more Clearly Explained and Plan Third Party Releases Should be opt-in not opt out**

18. As set forth above, in order to share in a de minims fund of $55,000, the class members must also agree to third party releases set out in the 2020 Plan. This requirement, and the meager return, is not clearly explained to recipients of the materials. Further, under these

circumstances and this Court's precedent, the third party releases as to Class 8 interest holders should be on an opt-in not opt out basis.

WHEREFORE, the U.S. Trustee requests that this Court enter an order consistent with the issues outlined above and grant such other and further relief as this Court deems appropriate, fair and just.

          Respectfully submitted,

          **ANDREW R. VARA**
          **UNITED STATES TRUSTEE**

**By:**   */s/ Linda Richenderfer*
       Linda Richenderfer (#4138)
       Trial Attorney
       J. Caleb Boggs Federal Building
       844 King Street, Suite 2207, Lockbox 35
       Wilmington, DE 19801
       (302) 573-6491

## CERTIFICATE OF SERVICE

I, Linda Richenderfer, Esq., do hereby certify that on this 25th day of August, 2020, I served the attached ***LIMITED OBJECTION AND RESERVATION OF RIGHTS OF U.S. TRUSTEE TO JOINT MOTION FOR THE ENTRY OF (A) A PRELIMINARY APPROVAL ORDER (I) DIRECTING THE APPLICATION OF BANKRUPTCY RULE 7032, (II)PRELIMINARILY APPROVING THE SETTLEMENT, (III) APPOINTING THE SETTLEMENT ADMINISTRATOR, (IV) APPROVING FORM AND MANNER OF NOTICE TO CLASS MEMBERS, (V) CERTIFYING A CLASS, DESIGNATING A CLASS REPRESENTATIVE, AND APPOINTING CLASS COUNSEL FOR SETTLEMENT PURPOSES ONLY, (VI) SCHEDULING A SETTLEMENT FAIRNESS HEARING, AND (B) A JUDGMENT FINALLY APPROVING THE SETTLEMENT*** on counsel via ECF Notification and courtesy copies via electronic mail.

                                                s/ *Linda Richenderfer*
                                                Linda Richenderfer, Esq.