# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| CHAPARRAL ENERGY, INC., *et al.*,[1] | ) Case No. 20-11947 (MFW) |
|  | ) |
| Debtors. | ) (Jointly Administered) |
|  | ) |
|  | ) Re: Docket Nos. 5 & 77 |

**FINAL ORDER UNDER 11 U.S.C. §§ 105(a), 363(b), 506(a), 507(a)(8) AND 541 AND FED. R. BANKR. P. 6003 (I) AUTHORIZING THE PAYMENT OF CERTAIN TAXES AND FEES AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of Chaparral Energy, Inc. and its subsidiaries that are debtors and debtors in possession (collectively, the "**Debtors**") in the Chapter 11 Cases for entry of an Interim Order and Final Order, pursuant to sections 105(a), 363(b), 506(a), 507(a)(8) and 541 of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004, authorizing the Debtors, in their sole discretion, to pay any Taxes and Fees owing to the Governmental Authorities; and the Court having jurisdiction to consider the matters raised in the Motion pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and the Court having authority to hear the matters raised in the Motion pursuant to 28 U.S.C. § 157; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and consideration of the Motion and the requested relief

---

[1] The Debtors in these cases, along with the last four digits (or five digits, in cases in which multiple Debtors have the same last four digits) of each Debtor's federal tax identification number, are: CEI Acquisition, L.L.C. (1817); CEI Pipeline, L.L.C. (6877); Chaparral Biofuels, L.L.C. (1066); Chaparral CO2, L.L.C. (1656); Chaparral Energy, Inc. (90941); Chaparral Energy, L.L.C. (20941); Chaparral Exploration, L.L.C. (1968); Chaparral Real Estate, L.L.C. (1655); Chaparral Resources, L.L.C. (1710); Charles Energy, L.L.C. (3750); Chestnut Energy, L.L.C. (9730); Green Country Supply, Inc. (2723); Roadrunner Drilling, L.L.C. (2399); and Trabajo Energy, L.L.C. (9753). The Debtors' address is 701 Cedar Lake Boulevard, Oklahoma City, OK 73114.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

being a core proceeding that the Court can determine pursuant to 28 U.S.C. § 157(b)(2); and due and proper notice of the Motion and opportunity for a hearing on the Motion having been given to the Notice Parties, and it appearing that no other or further notice need be provided; and the Court having reviewed and considered the Motion and the First Day Declaration; and the Court having granted interim relief on the Motion on August 18, 2020 (Docket No. 77); and the Court having held, if necessary, a final hearing on the Motion (the "**Hearing**"); and the Court having found that the legal and factual bases set forth in the Motion and at the Hearing, if any, establish just cause for the relief granted herein; and the Court having determined that the relief requested in the Motion being in the best interests of the Debtors, their creditors, their estates, and all other parties in interest; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is GRANTED, as set forth herein.

2. The Debtors are authorized, but not directed, in their sole discretion, to pay, in the ordinary course of their businesses, all Taxes and Fees to the Governmental Authorities (including those Governmental Authorities listed on **Exhibit C** to the Motion), whether arising before, on or after the Petition Date.

3. Nothing in the Motion or this Final Order shall be construed as impairing the Debtors' right to contest the validity or amount of any Taxes and Fees allegedly due or owing to any Governmental Authorities or priority or any claim or lien against the Debtors, and all Debtors' rights with respect thereto are hereby reserved.

4. All applicable banks and other financial institutions are hereby authorized to receive, process, honor, and pay any and all checks, drafts, wires, check transfer requests, or

automated clearing house transfers evidencing amounts paid by the Debtors under this Final Order whether presented prior to, on, or after the Petition Date. Such banks and financial institutions are authorized to rely on the representations of the Debtors as to which checks are issued or authorized to be paid pursuant to this Final Order without any duty of further inquiry and without liability for following the Debtors' instructions.

5. Nothing in this Final Order or any action taken by the Debtors in furtherance of the implementation hereof shall be deemed to constitute an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code, and all of the Debtors' rights with respect to such matters are expressly reserved.

6. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall (a) create, nor is it intended to create, any rights in favor of, or enhance the status of any claim held by, any person or entity or (b) be deemed to convert the priority of any claim from a prepetition claim into an administrative expense claim.

7. Nothing in this Final Order nor the Debtors' payment of claims pursuant to this Final Order shall be construed as or deemed to constitute (a) an agreement or admission by the Debtors as to the validity of any claim against the Debtors on any ground, (b) a grant of third party beneficiary status or bestowal of any additional rights on any third party, (c) a waiver or impairment of any rights, claims or defenses of the Debtors' rights to dispute any claim on any grounds, (d) a promise by the Debtors to pay any claim, or (e) an implication or admission by the Debtors that such claim is payable pursuant to this Final Order.

8. The requirements of Bankruptcy Rule 6004(a) are satisfied by the contents of the Motion.

9. Any Bankruptcy Rule (including, but not limited to, Bankruptcy Rule 6004(h)) or Local Rule that might otherwise delay the effectiveness of this Final Order is hereby waived, and the terms and conditions of this Final Order shall be effective and enforceable immediately upon its entry.

10. The Debtors are authorized to take all such actions as are necessary or appropriate to implement the terms of this Final Order.

11. Notice of the Motion has been provided in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and no other or further notice of the Motion or the entry of this Final Order shall be required.

12. The Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

**Dated: September 10th, 2020**
**Wilmington, Delaware**

**MARY F. WALRATH**
**UNITED STATES BANKRUPTCY JUDGE**

RLF1 23962442v.1