**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 )|
| CHAPARRAL ENERGY, INC., *et al.*,[1] | ) Case No. 20-11947 (MFW) ) |
| Debtors. | ) (Jointly Administered) ) Re: Docket No. 116 |

**FIRST SUPPLEMENTAL DECLARATION OF DAVID R. GEHRING IN SUPPORT OF THE APPLICATION OF DEBTORS FOR AUTHORITY TO (I) EMPLOY AND RETAIN ROTHSCHILD & CO US INC. AND INTREPID PARTNERS, LLC AS INVESTMENT BANKERS FOR THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE AND (II) WAIVE CERTAIN INFORMATION DISCLOSURE REQUIREMENTS**

I, David R. Gehring, hereby state and declare as follows:

1. I am Managing Director of the investment banking firm Intrepid Partners, LLC ("Intrepid"). I am authorized to execute this declaration on behalf of Intrepid. This supplemental declaration (the "First Supplemental Declaration") is being submitted to supplement my initial declaration (the "Initial Declaration") attached as Exhibit B to the *Application of Debtors for Authority to (i) Employ and Retain Rothschild & Co US Inc. and Intrepid Partners, LLC as Investment Bankers for the Debtors* Nunc Pro Tunc *to the Petition Date and (ii) Waive Certain Information Disclosure Requirements* [Docket No. 116] (the "Application").[2]

---

[1] The Debtors in these cases, along with the last four digits (or five digits, in cases in which multiple Debtors have the same last four digits) of each Debtor's federal tax identification number, are: CEI Acquisition, L.L.C. (1817); CEI Pipeline, L.L.C. (6877); Chaparral Biofuels, L.L.C. (1066); Chaparral CO2, L.L.C. (1656); Chaparral Energy, Inc. (90941); Chaparral Energy, L.L.C. (20941); Chaparral Exploration, L.L.C. (1968); Chaparral Real Estate, L.L.C. (1655); Chaparral Resources, L.L.C. (1710); Charles Energy, L.L.C. (3750); Chestnut Energy, L.L.C. (9730); Green Country Supply, Inc. (2723); Roadrunner Drilling, L.L.C. (2399); and Trabajo Energy, L.L.C. (9753). The Debtors' address is 701 Cedar Lake Boulevard, Oklahoma City, OK 73114.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

2.     I am making this First Supplemental Declaration to provide certain additional information as set forth below.

3.     Except as otherwise stated in this First Supplemental Declaration, I have personal knowledge of or have relied upon the knowledge of others employed by Intrepid with respect to the matters set forth herein.[3]  If called to testify, I could and would testify competently to the facts set forth herein.

4.     In paragraph 28 of the Initial Declaration, I stated that within one year prior to the Petition Date, the Debtors paid Intrepid $622,500.00 in fees and $8,115.04 in expense reimbursements for services rendered.

5.     Upon further review of our books and records after the filing of the Application, it was determined that one of the Debtors' pre-petition payments made by check on March 5, 2020 (the "March Check") was received by Intrepid pre-petition but never deposited as a result of the COVID-19 pandemic and office closures related thereto.  Due to this administrative oversight, the Application and Initial Declaration inadvertently overstated the amount of payments received during the one year prior to the Petition Date and did not reflect that the March Check for certain services rendered pre-petition was not deposited by Intrepid.

6.     The correct amounts for payments received within one year prior to the Petition Date are $560,000.00 in fees and $4,010.08 in expense reimbursements for services rendered.

7.     Upon learning of the foregoing, Intrepid reached out to the Debtors and the Office of the United States Trustee (the "UST") to discuss the March Check.  In light of the COVID-19 pandemic and the unique circumstances of these chapter 11 cases, including that the proposed

---

[3]  Certain information set forth herein relates to matters (i) contained in Intrepid's books and records and (ii) within the knowledge of other Intrepid's employees, and is based on information provided by such employees.

chapter 11 plan contemplates paying all unsecured creditors in full, the Debtors and the UST informed Intrepid that they each do not object to Intrepid depositing the March Check post-petition, subject to Court approval.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

| | |
|---|---|
| Dated: September 10, 2020<br>Houston, Texas | By:  */s/ David R. Gehring*<br>David R. Gehring<br>Managing Director<br>Intrepid Partners, LLC<br>1201 Louisiana Street<br>Suite 600<br>Houston, TX 77002 |