**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| CHAPARRAL ENERGY, INC. | ) ) | Case No. 20-11947 (MFW) |
| Reorganized Debtors. | ) ) ) ) | **Re: Docket No. 310** |
| In re: | ) ) | Chapter 11 |
| CEI ACQUISITION, L.L.C. | ) ) | Case No. 20-11948 (MFW) |
| Reorganized Debtors. | ) ) ) | |
| In re: | ) ) | Chapter 11 |
| CEI PIPELINE, L.L.C. | ) ) | Case No. 20-11949 (MFW) |
| Reorganized Debtors. | ) ) ) | |
| In re: | ) ) | Chapter 11 |
| CHAPARRAL BIOFUELS, L.L.C. | ) ) | Case No. 20-11950 (MFW) |
| Reorganized Debtors. | ) ) ) | |
| In re: | ) ) | Chapter 11 |
| CHAPARRAL CO2, L.L.C. | ) ) | Case No. 20-11952 (MFW) |
| Reorganized Debtors. | ) ) ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| CHAPARRAL ENERGY, L.L.C. | ) | Case No. 20-11953 (MFW) |
| Reorganized Debtors. | ) | |
| In re: | ) | Chapter 11 |
| CHAPARRAL EXPLORATION, L.L.C. | ) | Case No. 20-11955 (MFW) |
| Reorganized Debtors. | ) | |
| In re: | ) | Chapter 11 |
| CHAPARRAL REAL ESTATE, L.L.C. | ) | Case No. 20-11956 (MFW) |
| Reorganized Debtors. | ) | |
| In re: | ) | Chapter 11 |
| CHAPARRAL RESOURCES, L.L.C. | ) | Case No. 20-11951 (MFW) |
| Reorganized Debtors. | ) | |
| In re: | ) | Chapter 11 |
| CHARLES ENERGY, L.L.C. | ) | Case No. 20-11954 (MFW) |
| Reorganized Debtors. | ) | |
| In re: | ) | Chapter 11 |
| CHESTNUT ENERGY, L.L.C. | ) | Case No. 20-11957 (MFW) |
| Reorganized Debtors. | ) | |

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| GREEN COUNTRY SUPPLY, INC. | ) Case No. 20-11958 (MFW) |
| | ) |
|       Reorganized Debtors. | ) |
| | |
| In re: | ) Chapter 11 |
| | ) |
| ROADRUNNER DRILLING, L.L.C. | ) Case No. 20-11959 (MFW) |
| | ) |
|       Reorganized Debtors. | ) |
| | |
| In re: | ) Chapter 11 |
| | ) |
| TRABAJO ENERGY, L.L.C. | ) Case No. 20-119560 (MFW) |
| | ) |
|       Reorganized Debtors. | ) |

**FINAL DECREE (I) CLOSING THE CHAPTER 11 CASES AND TERMINATING CERTAIN CLAIMS AND NOTICING SERVICES AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[1] of Chaparral Energy, Inc. and its subsidiaries that are reorganized debtors (collectively, the "**Reorganized Debtors**") in the chapter 11 cases for entry of a final decree (this "**Final Decree**") closing the chapter 11 cases of Chaparral Energy, Inc., No. 20-11947 and its above-captioned affiliates, and terminating certain claims and noticing services, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Reorganized Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Reorganized Debtors' notice of the Motion and opportunity for a hearing, if necessary, on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion; and this Court having determined that the legal and factual bases set forth in the Motion and at the hearing, if necessary, establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is GRANTED.

2. The chapter 11 cases of:

| | |
|---|---|
| CHAPARRAL ENERGY, INC. | Case No. 20-11947 (MFW) |
| CEI ACQUISITION, L.L.C. | Case No. 20-11948 (MFW) |
| CEI PIPELINE, L.L.C. | Case No. 20-11949 (MFW) |
| CHAPARRAL BIOFUELS, L.L.C. | Case No. 20-11950 (MFW) |
| CHAPARRAL CO2, L.L.C. | Case No. 20-11952 (MFW) |
| CHAPARRAL ENERGY, L.L.C. | Case No. 20-11953 (MFW) |
| CHAPARRAL EXPLORATION, L.L.C. | Case No. 20-11955 (MFW) |
| CHAPARRAL REAL ESTATE, L.L.C. | Case No. 20-11956 (MFW) |
| CHAPARRAL RESOURCES, L.L.C. | Case No. 20-11951 (MFW) |
| CHARLES ENERGY, L.L.C. | Case No. 20-11954 (MFW) |
| CHESTNUT ENERGY, L.L.C. | Case No. 20-11957 (MFW) |
| GREEN COUNTRY SUPPLY, INC. | Case No. 20-11958 (MFW) |
| ROADRUNNER DRILLING, L.L.C. | Case No. 20-11959 (MFW) |
| TRABAJO ENERGY, L.L.C. | Case No. 20-11960 (MFW) |

are hereby CLOSED, pursuant to section 350(a) of the Bankruptcy Code, effective as of the date of the entry of this Order.

3. The Clerk of this Court shall enter this order and final decree individually on the docket of the above-captioned chapter 11 cases and the docket of these chapter 11 cases shall be marked as "Closed."

RLF1 25005288v.1

4.  The Reorganized Debtors shall pay all fees due and payable pursuant to 28 U.S.C. § 1930(a)(6)(A) and (B) in connection with these chapter 11 cases. This Court shall retain jurisdiction to enforce payment of fees assessed under 28 U.S.C. § 1930(a)(6)(A) and (B).

5.  Within 30 days of entry of this order, the Reorganized Debtors shall (i) file with this Court and provide to the U.S. Trustee all outstanding post-confirmation reports and (ii) pay all fees due and payable pursuant to section 1930 of title 28 of the United States Code. Entry of this order is without prejudice to the rights of the U.S. Trustee to reopen these chapter 11 cases to seek appropriate relief in the event of unresolved dispute over the payment of fees pursuant to section 1930 of title 28 of the United States Code or post-confirmation reports.

6.  Entry of this Final Decree is without prejudice to (a) the rights of the Reorganized Debtors or any party in interest to seek to reopen these chapter 11 cases for cause pursuant to section 350(b) of the Bankruptcy Code and (b) the rights of the Reorganized Debtors to dispute, before the Court or in an appropriate nonbankruptcy forum, all claims that were filed against the Debtors in these chapter 11 cases as contemplated by the Plan and the Confirmation Order. Notwithstanding anything to the contrary contained in the Plan, any failure of the Reorganized Debtors to file an objection to any claim in these chapter 11 cases shall not constitute allowance of the claim and shall not result in such claim being deemed Allowed (as defined in the Plan) against the Reorganized Debtors.

7.  KCC's obligations to provide the Claims Agent Services are terminated upon the completion of the services listed in paragraph 22 of the Motion. Thereafter, KCC will have no further obligations to this Court, the Reorganized Debtors, or any party in interest with respect to the Claims Agent Services in the Debtors' Chapter 11 Cases. For the avoidance of doubt, this order applies only to KCC's obligations under the KCC Retention Order and the

underlying agreement for services, and does not terminate KCC's role as Administrative Advisor for the Reorganized Debtors.

8. The Reorganized Debtors shall pay all amounts due and owing KCC for the Claims Agent Services, including for the services listed in paragraph 22 of the Motion, under the KCC Retention Order and the underlying agreement for services.

9. Pursuant to Local Rule 2002-1(f)(ix), within twenty-eight (28) days of entry of this Final Decree, KCC shall (a) forward to the Clerk of the Court an electronic version of all imaged claims, (b) upload the creditor mailing list into CM/ECF, and (c) docket a Final Claims Register (if any) in these chapter 11 cases containing claims of all these chapter 11 cases. KCC shall box and transport all original claims to the Philadelphia Federal Records Center, 14470 Townsend Road, Philadelphia, Pennsylvania 19154 and docket a completed SF-135 Form indicating the accession and location numbers of the archived claims.

10. Should KCC receive any mail regarding the Reorganized Debtors or the Debtors after entry of this Final Decree, KCC shall collect and forward such mail no less frequently than monthly to the Reorganized Debtors.

11. The Reorganized Debtors and their agents are authorized to take all actions necessary to effectuate the relief granted in this Final Decree in accordance with the Motion.

12. The Court will retain jurisdiction to hear and determine any matters or disputes related to these chapter 11 cases, including, without limitation, any matters or disputes relating to the effect of discharge and/or injunction provisions contained in the Plan and/or the Confirmation Order.

13. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, or 9014 of the Bankruptcy Rules or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

Dated: March 25th, 2021
Wilmington, Delaware

MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE

RLF1 25005288v.1